FATCHELL, Appellant, v. ST. LOUIS & IRON MOUNTAIN RAILROAD COMPANY, Respondent.*

1. The charter of the St. Louis and Iron Mountain Railroad Company did not confer upon a justice of the peace jurisdiction of an action against the company to recover damages for injuries sustained by reason of the construction of a culvert.

*Appeal from Washington Circuit Court.*

*Elmer*, for appellant.

*S. A. Holmes*, for respondent.

---

* This cause was submitted at the October term, 1858, of the supreme court.—[REP.

Fatchell v. St. Louis & Iron Mountain Railroad Co.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff commenced, before a justice of the peace, a suit in the nature of an action on the case for an injury to his premises caused by the construction of a culvert. The only question presented in the record is whether the justice had jurisdiction of the case.

The thirty-eighth section of the act concerning railroad corporations declares that " all existing railroad corporations shall be exempt from the jurisdiction of justices' courts, except as in this act and in their own charters provided." (R. C. 1855, p. 430.) That act imposes penalties on railroad companies for doing or omitting to do several things, and the fifty-first section provides that all penalties imposed by the act may be sued for in the name of the state, and " if such penalty be for a sum not exceeding one hundred dollars, then such suit may be brought before a justice of the peace ;" so that there is something on which the exception in the thirty-eighth section can operate. The defendant was incorporated March 3, 1851, (Sess. Acts, 1851, p. 479,) and the first section of the charter, enumerating its corporate powers, declares, among things, that it " may sue and be sued, plead and be impleaded, defend and be defended, in all courts and places whatsoever ;" and it is argued that this language conferred jurisdiction on justices of the peace, and that therefore the defendant is brought within the exception contained in the thirty-eighth section of the railroad law. The words are " may sue and be sued in all courts and places whatsoever." Now it will not be contended that the defendant can be sued before a probate or county court, or before a justice of the peace, without reference to the nature of the action or the amount in controversy, or that a suit could be brought in a county remote from the line of the road where neither the plaintiff nor any of the officers reside ; and therefore the language is to be construed in a qualified sense, and the right to sue and the liability to be sued are to be exercised and controlled by the provisions of the general law. By the

revised code of 1835 and 1845 the jurisdiction of justices of the peace in actions against corporations, was expressly denied, and prior to 1851 many charters were granted containing clauses similar to the one under consideration but it was never supposed that they were intended to confer a jurisdiction positively prohibited by the general law. (R. C. 1835, p. 348 ; R. C. 1845, p. 635.) It was not until 1851 (Sess. Acts, 1851, p. 232) that corporations could be sued in justices' courts, and the statute was passed on the idea that such jurisdiction had not previously existed. We do not think that the clause in the defendant's charter was designed to give jurisdiction to justices of the peace, and the judgment will be affirmed ; the other judges concur.