————o————

WILLIAM GROVES, Respondent, vs. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS, RAILROAD COMPANY, Appellant.

1. *Railroads—Contractors—Teamsters, etc.—Construction of Statute.*—The statute making railroads amenable to laborers for work done under the employment of contractors (Wagn. Stat., 302, § 10), does not include persons who furnish wagons and drivers, to haul or deliver material in the construction of the road.   (See on this subject Sess. Acts 1873, p. 61.)

*Appeal from Andrew Circuit Court.*

*Stringfellow, and Hall & Oliver,* for Appellant.

*A. J. Harlan,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was brought under the provisions of the tenth section of the laws of this State concerning railroad companies, for work and labor charged to have been performed by

plaintiff and his hands and teams, in constructing a portion of defendant's railroad, under an employment by parties who had contracted with the defendant to construct certain parts of said railroad.

The plaintiff's petition was as follows : Plaintiff states that the defendant owes him seventy-seven dollars, for twenty-two days works with two hands and two wagons, and two horses to each wagon, in hauling rock from the stone quarry to the branch road of said defendant, in course of construction from Amazonia to Savannah, Andrew county Missouri ; and for work done in and about the stone quarry, and in and about said branch road of defendant, all of which work was done during the month of October, A. D., 1872, and from the first to the sixteenth days thereof, and for which work plaintiff was to receive seven dollars per day, a bill of particulars of which is herewith filed.

Plaintiff further states that such work was done at the especial instance and request of Messrs. Parker and Wills and one Robley, contractors for building said branch railroad of said defendant, and under the superintendence of John Nethercutt, foreman for said Parker and Wills, and said Robley, between the first and sixteenth days of October, A. D. 1872.

It is further charged that the plaintiff had given the defendant notice of his claim or demand, and that no part of the same had been paid, etc., and prays for judgment. There is no question made in the case as to the sufficiency of the notice as alleged in the petition. The bill of items filed with the petition is simply an account for twenty-two days work with two hands, two wagons and two horses to each wagon, between the first and sixteenth days of October, 1872,—amount, seventy-seven dollars.

The defendant's answer is a denial of the facts stated in the petition. The trial was had before the court without the intervention of a jury. The plaintiff offered evidence tending to prove the allegations of the petition. The defendant offered no evidence. At the close of the evidence the defendant asked the court to declare the law to be as follows :

"That if the court, sitting as a jury, find for the plaintiff, it will only find the amount due him from Parker and Wills, for his own manual labor." 2nd. "The plaintiff cannot recover in this action against defendant, for services rendered by laborers hired by him, or for teams hired by him with or without personal service." These declarations of law were refused by the court, to which ruling of the court the defendant excepted.

The court then on its own motion declared the law to be, "that plaintiff cannot recover in this action against the defendant for the services rendered by laborers hired by him, or for teams furnished by him with or without personal service; but the plaintiff can recover for labor performed by himself and his hired hands, with his teams in the construction of the road."

To this declaration of law given by the court, the defendant objected; its objection being overruled, it excepted. A judgment was rendered by the court in favor of the plaintiff, and after ineffectual motions made by the defendant for a new trial, and in arrest of judgment, it appealed to this court.

The only question in this case grows out of the action of the court, in giving and in refusing declarations of law asked for by the defendant, and given by the court on its own motion. The proper decision of this question depends entirely on the proper construction of the tenth section of the statute of this State concerning "Railroad Companies." (Wagn. Stat., 302.) That section provides that, "as often as any contractor for the construction of any part of a railroad which is in progress of construction, shall be indebted to any laborer for thirty days or any less number of days labor performed in constructing said road, such laborer may give notice of such indebtedness to said company in the manner herein provided, and said company shall thereupon become liable to pay such laborer the amount so due him for such labor, and an action may be maintained against said company therefor. Such notice shall be given by said laborer, to said company,

within twenty days after the performance of the number of days labor for which the claim is made," etc.

In the case of Mooney vs. Hann. & St. Joseph, Railroad Company, (28 Mo., 570,) although the exact point in the present case was not in issue, the court incidentally gave a construction to the section of the statute before referred to. The question in that case was, as to whether justices of the peace had jurisdiction of causes of action prosecuted against railroad companies, under the provisions of the statute. The learned judge delivering the opinion of the court in that case, in the discussion of the question involved, uses this language; "The amount authorized to be sued for, will not in any case exceed the jurisdiction of justices of the peace, and in a large majority of cases will hardly exceed half the sum fixed on as the limit of that jurisdiction. A speedy settlement is also within the contemplation of the act. Only thirty days wages of a common railroad laborer can be sued for, and only twenty days are allowed within which to notify the company or its agent, and the suit must be commenced within thirty days after notice. * * * * * If a day laborer on a railroad, is compelled to go to the Circuit Court to recover a few days wages, the necessary expenses of the litigation will exceed the amount of his recovery; and such a remedy as this is delusive."

While the point involved in the present case is not the exact point involved in that, yet the decision of that case seems to have been to a great extent predicated on the construction of the statute as above set forth. We think that the construction of the statute there indicated is the proper one; it conforms with the natural and ordinary acceptation of the language used in the act, and this is the rule we are required to adopt in the construction of statutes. (2 Wagn. Stat., p. 887, § 6).

The language of the statute is, "as often as any contractor, etc., shall be indebted to any laborer for thirty or any less number of days labor performed, etc., by such laborer, etc." The ordinary and usual construction of this language would

clearly indicate that the legislature intended to afford some protection to the ordinary day laborer, who performs labor on a railroad for a contractor with the railroad company for the construction of some part of the road. The ordinary construction of the language could not be made to include those who furnished teams and wagons, and drivers hired by them to haul and deliver stone or other material, in the construction of the road. Such a one is not a day laborer, who performs day labor or performs labor by the day.

The protection of the statute was intended for these poor laborers who are dependent upon their own daily manual labor for their support, against the fraud or insolvency of irresponsible contractors, who travel from one road to another, and take contracts to construct portions of railroads for railroad companies.

In the State of New York, where they have a similar statute, the courts have given the statute that construction, (46 N. Y., 551,) and we believe that the construction there given is in conformity to the intention of the legislature. It is true that in the State of Vermont, the courts seem to have taken a different view in reference to the construction of a similar law; but we think that the construction given by the court in New York, and by our own court, in the case before referred to, is the proper construction; and we are better satisfied with this construction from the fact that the legislature, in 1873, passed an amendatory act which seems to have been among other things, intended to provide for just such cases, and for the protection of just such work and labor, as that sued for by the plaintiff in this case. (Acts of 1873, p. 61.)

It follows that the declaration of law given by the court in this case was improper. The judgment will, therefore, be reversed and the case remanded. Judge Sherwood is absent, the other judges concur.