ESTES H. KING, Administrator, *vs.* ANTHONY KELLY, impleaded, etc.

March 12, 1879.

Lien on Logs—Contractor and Laborer.—Laws 1876, *c.* 89, (Gen. St. 1878, *c.* 32, §§ 63-77,) being "An act providing for a lien for labor upon logs and timber," declares in section 14, that "this act is intended only for the protection of laborers for hire, and shall not enure to the benefit of any person interested in contracting cutting, hauling, banking or driving logs by the thousand."

*Held*, 1. That this provision is inserted for the purpose of distinguishing the contractor, that is to say, the person who takes contracts for the performance of work which he employs others to do, from a laborer who works himself. 2. That the provision should therefore be read by omitting the comma found in the printed statutes after the words "contracting," which would be equivalent in sense to inserting the word "for" after the word "contracting," so that the provision would read "this act shall not enure to the benefit of any person interested in contracting for cutting, hauling," etc.

In the fall of 1876, the defendant Delvin made a contract with one Stanchfield, for cutting, hauling and banking a lot of pine logs for Stanchfield. Plaintiff's intestate, Emery, made a contract with Delvin for hauling and banking such logs or a portion thereof, for which service he was to receive, by the terms of the contract, 28 cents per thousand. Between December 4, 1876, and February 28, 1877, Emery performed labor under the contract amounting to $219, only five dollars of which was paid. On March 1, 1877, Stanchfield sold and assigned the logs and log-mark to the defendant Kelly, the assignment being in writing, and filed, on April 10, 1877, in the office of the surveyor general of logs of the district in which the logs were situated. On April 28, 1877, Emery filed in the same office his affidavit of the services so performed by him on the logs, for the purpose of having a lien on the logs for the amount so due to him. On July 25, 1877, Emery brought suit against Delvin in the district court for Hennepin county, to recover such amount, and to enforce such lien, and, by stipulation, Kelly was admitted as a defendant. A jury was waived, and the action tried before *Young,* J., who ordered judgment against Delvin, but held that Emery was not entitled to a lien on the logs. Judgment was accordingly entered in favor of defendant Kelly. Afterwards, Emery died, and King, his administrator, was substituted as plaintiff, and appealed from the judgment.

*W. Hammons,* for appellant.

*Lochren, McNair & Gilfillan,* for respondent.

BERRY, J. Laws 1876, *c.* 89, (Gen. St. 1878, *c.* 32, §§ 63–

77,) which is entitled "An act for providing for a lien for labor upon logs and timber," enacts, in section 1, that "any person who may do or perform any manual labor, in cutting, banking, driving, rafting, cribbing, or towing any logs or timber in this state, shall have a lien thereon, as against the owner thereof, and all other persons, except the State of Minnesota, for the amount due for such services, and the same shall take precedence of all other claims thereon." Section 14 declares that "this act is intended only for the protection of laborers for hire, and shall not enure to the benefit of any person interested in contracting, cutting, hauling, banking or driving logs by the thousand."

We are of opinion that the design and effect of these provisions of statute are to give the lien mentioned to every person performing the specified kinds of manual labor, (that is to say, labor with his own hands,) upon logs or timber. It is apparent that section one, standing alone, would have this effect, at least. But that section is explained and possibly limited by section fourteen, which declares that the act is intended for the protection of laborers for hire, that is to say for the protection of those who do labor or work in person. This is an explicit declaration, that all such laborers are within the act, and entitled to the lien for which it provides. It is not reasonable to suppose that it could have been the intention of the legislature to impair this explicit declaration, (made by way of explanation and construction,) by the latter provision of the section in which it occurs. This latter provision should therefore, if possible, be so read as to be consistent with the explicit declaration mentioned. It is obviously inserted for the purpose of distinguishing the contractor—that is to say, the person who takes contracts for the performance of work, which he employs others to do—from a laborer who works himself. We think that the latter provision of section fourteen is to be read by omitting the comma found in the printed statute, after the word "contracting." This is equivalent, in sense, to inserting the word "for,"

after the word "contracting," so that the provision would read, that the act "shall not enure to the benefit of any person interested in contracting for cutting, hauling, banking," etc.

The punctuation of a statute is of little or no consequence, being ordinarily the work of clerks and printers, and the reading which we suggest not only makes sense, but is consistent with the preceding provisions, and the general spirit of the act. We think it sufficiently appears, from the admission of plaintiff and the findings of the court, that the work in this case was performed by the plaintiff as a laborer, not as a contractor. It follows that the plaintiff is entitled to the lien prayed for in his complaint, and the judgment appealed from, is accordingly directed to be modified, so as to adjudge the same to him.