### JOHN S. MANN v. J. D. BURT, *et al.*

1. RAILROAD CONSTRUCTION; *Bond of Contractor.* Where a railroad company takes from the contractor engaged in the construction of its road a good and sufficient bond, such as is required by chapter 136 of the Laws of 1872, it cannot be held liable for the debts due from the contractor for the labor and material which go into the building of such road. The filing of the bond in the office of the register of deeds is not a condition precedent to immunity from such liability.

2. TEAMSTER, *a Laborer.* A teamster employed by a contractor in the construction of a railroad is a laborer within the meaning in which that term is used in the statute above mentioned.

3. RAILROAD COMPANY, *When Not Liable.* The railroad company cannot be held liable for the debts due from the contractor for the labor of teams in constructing the road, whether such labor was used in connection with the services of the person furnishing the same, or not.

4. TEAMSTER AND TEAM—*Company Not Chargeable.* Where a teamster and his team are employed by the contractor for a certain price per day for the joint labor of both, and no agreement is made respecting the price or value of the personal services of the teamster, the debt will constitute a single and indivisible demand for which the railroad company is not chargeable.

*Error from Cowley District Court.*

ACTION brought in the district court of Cowley county under the provisions of chapter 136 of the Laws of 1872, in which the plaintiff alleged that the defendant company had failed to take the bond from the contractor who constructed a portion of its road, and he asked that the company be held liable for certain labor performed for the contractor upon the road, and for which he had not paid. The answer of the railroad company was a general denial, to which were added the following defenses:

"2. And for a second and further defense to the action of the plaintiff, this defendant avers, that on the 20th day of August, 1879, it entered into a contract with the defendant, Bernard Corrigan, for the construction of its road-bed through the county of Cowley, state of Kansas, and thereafter required and took from said defendant, Bernard Corrigan, the bond in such cases required and prescribed by law; a true copy of

which said bond is hereto attached, marked 'Exhibit A,' and made a part of this, the second cause of defense in this answer contained, which said bond and the security thereon signed and therein named, the defendant avers was at the date thereof, and ever since has been and now is, good and sufficient in every particular." (The exhibit attached was a contractor's bond in the usual form.)

"3. And for a third and further defense to the action of the plaintiff, this defendant avers that if any contract ever existed between the defendant, Bernard Corrigan, and the J. D. Burt in the petition of the plaintiff mentioned, in form and substance, as in and by said petition set forth and alleged, and if the several persons mentioned in said petition ever were employed or performed labor in the construction of this defendant's line of railroad as in said petition alleged, said persons, and each and all thereof, were employed by said Burt in the capacity of foreman, clerks, time-keepers and teamsters in connection with teams of horses or mules owned or controlled by them respectively, and under such employment and in pursuance thereto performed any and all such labor as such foreman, clerks, time-keepers and teamsters, owning or controlling such teams respectively, and not otherwise, and at and for an agreed price per day for the services so rendered, which price, so far as it related to said teamsters and teams, was based upon and comprised the value of the joint labor of said teamsters and their said team or teams per day, or by the job, as the case might be, and not otherwise."

The plaintiff demurred to the second and third defenses, which demurrer was heard by the court at the January Term, 1884, and overruled. This ruling is assigned for error here.

*Jennings & Troup*, for plaintiff in error.

*W. P. Hackney*, for defendant in error the Southern. Kansas Railroad Company.

The opinion of the court was delivered by

JOHNSTON, J.: The question raised by the demurrer to the second defense is, upon what contingency does the liability of the railroad company for the debts of the contractor who constructed its road depend? It is alleged that the company took from the contractor a good and sufficient bond—such as is

provided for in chapter 136 of the Laws of 1872, but it is not averred that the bond was filed by the railroad company in the office of the register of deeds of the county where the work was done. The omission of this averment is the ground of demurrer relied upon by defendant. On the part of the plaintiff, it is urged that before the railroad company will be exempt from liability for the debts of the contractor it must not only have taken a bond, but it must also have filed the same in the office of the register of deeds; while the claim of the company is, that to escape such liability, it was only required to take a good and sufficient bond; and this it alleges it had done. We agree with the defendant. The statute is so written. Its terms are plain and unmistakable. The language fixing the liability of the railroad company is, "and if any such railroad company shall fail to take such bond, such railroad company shall be liable to the persons herein mentioned to the full extent of all such debts so contracted by such contractor." (Laws of 1872, ch. 136, § 1.) Thus it will be seen that the filing of the bond is not a condition precedent to be performed by the railroad company before it can claim immunity from the payment of the debts mentioned in the statute. It is true that in a preceding part of the statute it is made the duty of the company to file the bond in a public office, and we might agree with the plaintiff that it would add much to the convenience of persons who desire to avail themselves of the benefit of the bond, to have required it to be filed before the company would be freed from liability; but when the legislature came to fix the condition upon which the liability of the company should arise, it provided that it should be liable if it failed to *take* a bond, and not if it failed to take and *file* the same; and the inconvenience occasioned, or the impolicy of the statute, are not considerations for the court. We are reminded that the statute should be construed so as to advance rather than defeat the remedy intended by the legislature; but we must also remember that it is a statute imposing an additional liability under which it is sought to make the company responsible for a debt which it never contracted, and we have

1. Bond of contractor; filing.

before decided that "such a statute should never be extended beyond the fair import of its terms." (*M. K. & T. Rly. Co. v. Baker*, 14 Kas. 563.) The failure to require the bond to be filed, it is true, is an inconvenience, but it does not thwart the purpose or defeat the remedy intended by the legislature. The debtors are secured either by the bond or by the company. If a good and sufficient bond has been taken, the responsibility of the company ceases, and that it will conceal the bond, or the fact that it had been taken, from the persons interested, is an unlikely supposition, as it would be against its own interest, and would probably tend to subject it to embarrassment and litigation. If for any reason the company should fail to file the bond, or upon request to produce or make known what it was, the parties interested could, by taking the proper legal steps, obtain copies thereof, or compel its production. However, the legislature has expressly stated in language not open for interpretation, the conditions upon which the liability of the company depends, and the courts cannot add to them. We think the demurrer was rightly overruled.

In the third cause of defense it is alleged that the persons for whose services the action was brought were employed in the capacity of foreman, clerks, time-keepers, and teamsters, in connection with their teams. It is settled by a decision of this court, that persons in the employ of a contractor as foreman, clerks, and time-keepers, are not laborers in the sense in which that term is used in the statute, and therefore not within its protection. (*M. K. & T. Rly. Co. v. Baker*, supra.) None of the terms employed in the statute are broad enough to include persons who merely furnish one or more teams to work for the contractor. The persons who fall within its protection are enumerated, and are "laborers, mechanics, and materialmen, and persons who supply such contractor with provisions or goods of any kind." The railroad company, therefore, cannot be charged with such labor, even though it be given in connection with the personal services of the owner of such teams. (*Balch v. Railroad Co.*, 46 N. Y. 521; *Groves v. Railroad Co.*, 57 Mo. 304.) It is different, however, regarding the personal

Mann v. Burt.

services of the teamster. The work performed by him in driving the team, handling a plow, and loading and unloading scrapers and wagons, is such as to constitute him a laborer, within the meaning of that term as used in the statute. The principal part of the work performed by him is ordinary manual labor, and if the compensation for his work is distinguishable from that performed by the team which he drives, he may, where no bond has been taken, charge the railroad company for the same. In this case, however, it is alleged that the services performed by the teamster and his team were for an agreed price per day for the joint labor of such teamster and team. He was not employed separately. The part which was performed by him was mingled and confused with that performed by the team, and the indebtedness for the same constituted a single demand. There is therefore no mode of ascertaining the amount due from the contractor for the personal services of the teamster. In a case somewhat similar to this it is said:

*2. Teamster, a laborer.*

*3. Railroad company, when not liable.*

"Another difficulty in the judgment as it stands is, that it makes a new agreement between the plaintiff and the railroad contractor. The foundation of the liability of the corporation is the debt due to the laborer from the contractor. In this case the contract was entire for the labor of the plaintiff, his man, and two teams; the debt is also entire, and arises out of the performance of that contract. Now it appears to me the defendants cannot be made liable for a part of the services when confessedly they are not for another part, the whole being performed under one entire agreement. The true obligation of the contractor was to pay for the whole as a unit, and I do not see how this can be split into two parts for the purpose of enforcing one of them against the company. The recovery against the corporation must be according to the agreement of the contractor, and his obligation arising under it to the laborer. If the laborer has so dealt with the contractor that any portion of an entire demand is not within the statute, then his remedy is against his employer alone upon his contract."

(*Atcherson v. Troy & Boston Rld. Co.*, 6 Abb. Pr. Rep. 329. See also *Balch v. Railroad Co.*, supra.)

If, upon the further trial of this cause, it is found that the agreement between the teamsters and the contractor was not an entirety, and did not constitute a single demand, but that the personal services of the teamsters are distinguishable from the labor performed by the teams, the plaintiff may recover for such personal services, provided the railroad company is liable at all. The allegations of the answer, however, make the debt due from the contractor for the teamster and his team a single demand, and therefore the ruling of the court upon the demurrer was correct.

4. Teamster and team; company not chargeable.

The judgment of the district court will be affirmed.

All the Justices concurring.