C. P. HENDERSON ET AL. V. SAMUEL NOTT.

FILED JANUARY 18, 1893. No. 4755.

1. **Exemptions: CONTRACTORS: LABORERS.** A person who contracts to furnish all help and make and burn brick for a certain price per thousand, and also agrees to keep the machinery furnished by the other party in good repair, to supply oil for the same, and feed and care for the team furnished by the other party, is not entitled to the benefits of section 531 of the Code, which declares that " nothing in this chapter shall be so construed as to exempt any property in this state from execution or attachment for clerks', laborers', or mechanics' wages," etc.

2. ———: ———: ———. The purpose of the legislature in enacting said provision was to secure to every person belonging to either of the classes therein specifically enumerated a compensation for his own personal services. Persons who contract for and furnish the labor and services of others, whether with or without their own services, for a stipulated price for the joint labor of all, are not entitled to the benefit of the statute.

ERROR from the district court of Hamilton county. Tried below before BATES, J.

*Abbott & Caldwell,* for plaintiffs in error.

NORVAL, J.

The defendant in error commenced an action in the county court against the plaintiffs in error upon six different causes of action. The first cause of action alleged in the petition is on an account stated between the parties for work and labor performed by plaintiff for defendants, amounting to $106.28. The second cause of action is for three days' work at $1.50 per day. The third count of the petition is in the sum of $10 for work performed for defendants in moving a kiln of brick. The fourth count is for the sum of $40 for services rendered in erecting for defendants a brick wall for a brick kiln. The fifth cause

of action is for a balance of $5.75 alleged to be due plaintiff for providing feed, stabling, care, and attention for two horses belonging to defendants.   The sixth count is to recover the sum of $328 upon a written contract, of which the following is a copy :

"This agreement, made between C. P. Henderson and J. B. Henderson, partners under the firm name of C. P. Henderson & Bro., brick makers of Phillips, Hamilton county, Nebraska, party of the first part, and Samuel Nott, now of the same county, party of the second part, to-wit:   Party of second part agrees to furnish and pay all help and make and burn good merchantable brick for three ($3) per thousand; to keep all machinery in good repair; in case of breakage in any part of the machinery not to the fault of party of the second part, then the party of the first part to replace the same; the party of the first part to furnish one team of horses, and the party of the second part to feed and keep the same in good order.   To furnish and keep machinery well oiled.   It is also agreed that party of the first part is to furnish all coal on cars at Phillips to burn all brick made by party of the second part.

"Grand Island, July 22, '90.

"C. P. HENDERSON.<br>"J. B. HENDERSON.<br>"SAMUEL NOTT.

"Witness:

"M. L. DOLAN.

"J. T. NOTT."

The defendants in their answer, after admitting certain of the allegations of the petition and denying others, pleaded a counter-claim against the plaintiff, amounting to $267.55. On the trial the county court found there was due on the first, second, third, and sixth causes of action from the defendants $429.70; that nothing was due on the fourth and fifth causes of action; that there was due from plaintiff to defendants the sum of $144.88; and judgment was ren-

dered in favor of the plaintiff for $288.82, the difference between said sums, as laborers' wages, together with cost of suit. The defendants below prosecuted error to the district court, the error complained of there, as well as here, being the rendition of a judgment for laborers' wages. The judgment of the county court was affirmed.

The evidence in the case was not preserved by a bill of exceptions. The only question, therefore, presented is whether, under the petition, Nott was entitled to a judgment for laborers' wages for the amount rendered. It will be perceived that the total amount claimed in the first three causes of action stated in the petition is only $120.70, so that a portion of plaintiff's recovery must have been based upon his sixth cause of action. Under the contract set up in said count of the petition, and copied above, was defendant in error entitled to a judgment for laborers' wages for the amount due thereunder? The argument of counsel for plaintiffs in error against the right of Nott to such a judgment is briefly this: That a wage laborer, in contemplation of the statute, is one who depends upon his daily labor for sustenance; that the mere fact that manual labor enters into and forms a part of the consideration of a contract does not of itself entitle the party to a wage laborer's judgment; that one who employs others, and uses machinery to carry on the work, or contracts for undertakings which involve the employment of other persons, machinery, and materials, is not a wage laborer. The determination of the question involved in this case calls for a construction of section 531 of the Code of Civil Procedure, which declares that "nothing in this chapter shall be so construed as to exempt any property in this state from execution or attachment for clerks', laborers', or mechanics' wages, for money due and owing by any attorney at law for money or other valuable consideration received by said attorney for any person or persons," etc.

Under the above provision no property of a debtor is exempt from levy and sale on execution or attachment on a debt for the wages of a laborer, mechanic, or clerk. It is not claimed that the indebtedness to Nott under the contract already mentioned was for services performed by him for plaintiffs in error, either as a clerk or mechanic, but both the county and district courts ruled that the debt was for laborers' wages; so that if defendant in error is entitled to the benefit of the statute it is because what was done by him in pursuance of the contract was as a laborer in the sense contemplated by the above provision. The purpose of the legislature in enacting the section was to give protection to the classes mentioned therein. It was designed to furnish relief to the persons specifically enumerated in the collection of debts due them for their personal services, and not to those who contract and furnish the labor and services of others. Such a contractor is not a laborer within the meaning of the provision, nor is he entitled to its protection. Plaintiff below is not a laborer in the popular sense or the common understanding of that word. The term "laborer," in the sense of this statute is one who is hired to do manual or menial labor for another, but it does not include every person who performs labor for compensation. The authorities fully sustain the proposition.

In *Brockway v. Innes*, 39 Mich., 47, it was decided that an assistant civil engineer of a railroad company is not a "laborer within the meaning of a constitutional provision making stockholders of a corporation liable for labor debts of the corporation." And in *Jones v. Avery*, 50 Mich., 326, it was held that a traveling salesman, selling by sample, did not come within the meaning of the same constitutional provision. To the same effect is *Price v. Kirk*, 90 Pa. St., 47.

In *Wildner v. Ferguson*, 43 N. W. Rep. [Minn.], 794, it was ruled that an agent who sells goods by sample, driv-

ing about for that purpose, with his own horse and buggy, receiving a weekly salary, is not within the purview of a statute which exempts the "wages of any laboring man or woman in any sum not exceeding fifty dollars, due for services rendered by him or them and during ninety days preceding the issue of process," etc.

In re Ho King, 14 Fed. Rep., 724, it was held that a theatrical actor is not a laborer within the popular sense in which the term is used, and that the word does not include any person but those whose occupation involves physical toil and who work for wages.

We do not think the indebtedness of plaintiff in error arising under the contract we are considering, is laborers' wages in the sense in which that word is ordinarily and in our statute used. By the contract, Nott agreed to manufacture for plaintiffs in error good merchantable brick, for which they were to pay him a certain price per thousand. He was to hire the laborers and pay them their wages, keep the machinery in repair, feed the team furnished by the Hendersons, and furnish the oil for the machinery. Nott was a contractor, and not a laborer in the common acceptation of the term, therefore he does not come within either the words or spirit of the statute, and is not entitled to its benefits.

The decisions already cited and those in Aikin v. Wasson, 24 N. Y., 482; Coffin v. Reynolds, 37 Id., 640; Balch v. New York & O. M. R. Co., 46 Id., 521; Wakefield v. Fargo, 90 Id., 213; Groves v. Kan. City, St. J. & C. B. R. Co., 57 Mo., 304; Mann v. Burt, 35 Kan., 10, in principle sustain this conclusion.

In Balch v. New York & O. M. R. Co. the head-note states the decision as follows: "The words 'laborers' and 'labor,' as used in the general railroad act of 1850, which gives a laborer a claim against the company for the indebtedness of a contractor in certain cases, and to a limited amount, are used in their ordinary and usual senses, and imply the

personal services and work of the individual designed to
be protected.    The former does not include one who con-
tracts for and furnishes the labor and services of others,
or who contracts for and furnishes a team or teams, whether
with or without his own services."

In *Aikin v. Wasson,* under an act making stockholders
in a corporation liable for debts due its laborers and serv-
ants for service performed for the corporation, it was held
that a contractor for the construction of a portion of the
company's road was neither a laborer nor servant.

*Mann v. Burt, supra,* was an action against a con-
tractor and railroad company for labor performed by the
plaintiff for the contractor upon the road under a statute
which makes a railroad company liable for the debts of the
contractor to "laborers, mechanics, and material-men, and
persons who supply such contractor with provisions or
goods of any kind," when the railroad company fails to
take from the contractor engaged in the construction of its
road a good and sufficient bond.    The railroad company,
as one defense alleged in its answer, in substance, that the
persons for whose services the suit was brought were em-
ployed by the contractors in the capacity of foremen, clerks,
time keepers, and teamsters in connection with their terms.
Plaintiff demurred to the defense, which was overruled by
the trial court, and which ruling was assigned for error in
the supreme court.    The court in the syllabus say: "Where
a teamster and his team are employed by the contractor for
a certain price per day for the joint labor of both, and no
agreement is made respecting the price or value of the per-
sonal services of the teamster, the debt will constitute a
single and indivisible demand for which the railroad com-
pany is not chargeable."    (See *Atcherson v. Troy & Boston
R. Co.,* 6 Abb. Pr. Rep., n. s. [N. Y.], 329.)

It follows from the views that we have expressed and
the decisions referred to that the judgment of the county

court and that of the district court should be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.