GEORGE FOX ET AL., APPELLEES, v. SAMUEL McCLAY ET AL., APPELLANTS.

FILED JUNE 16, 1896. No. 6510.

1. **Exemptions: CLAIMS FOR WAGES.** An employe who so far retains the control of the work in hand that he is not subject to the direction of his employer while engaged thereat is an independent contractor and not within the exception of section 531, Civil Code, relating to clerks', laborers', and mechanics' wages.

2. **Judgments: INJUNCTION.** Equity will not interfere to prevent the enforcement of a judgment on account of mere error of law.

3. **Homesteads: STATUTES.** The act of 1879, entitled "An act to provide for the selection and disposition of homesteads, and to exempt the same from judgment liens, and from attachment, levy, or sale, upon execution or other process," is complete in itself and embraces the entire subject indicated by its title.

4. ———: ———: **CLAIMS FOR WAGES.** The provision of section 531, Civil Code, that nothing therein contained shall be construed "as to exempt any property in this state from execution or attachment for clerks', laborers', or mechanics' wages," has no application to property exempt as a homestead under the laws of this state.

5. ———: ———: ———. Section 1 of the act of 1879 declares that the homestead "shall be exempt from judgment liens and from execution and forced sale except as in this chapter provided." The only exceptions therein named are: (1) Debts secured by mechanics', laborers', and vendors' liens; (2) debts secured by mortgage executed by both husband and wife or an unmarried claimant. *Held*, That the provision of the Code relating to clerks', laborers', and mechanics' wages, if applicable to homesteads, was, so far as it conflicts with the act above mentioned, thereby repealed.

6. **Review: SUFFICIENCY OF EVIDENCE.** Evidence examined, and *held* to sustain the finding and decree of the district court.

APPEAL from the district court of Lancaster county. Heard below before TIBBETS, J.

*John S. Bishop,* for appellants.

*Reese & Gilkeson* and *W. B. Comstock, contra.*

POST, C. J.

This was a proceeding in equity by the plaintiffs, George Fox and Ella Fox., husband and wife, in the district court for Lancaster county, against Samuel McClay, Wilbur M. Judd, and O. Larsen, and from a decree in their favor the defendants named have prosecuted an appeal to this court.

The facts alleged as grounds for the relief sought are substantially as follows: In the month of January, 1890, the defendant Larsen procured the entry by S. T. Cochran, a justice of the peace for Lancaster county, of a judgment against the said George Fox in the sum of $7.90,

and costs of suit, taxed at $3.85;· that the indebtedness upon which such judgment was rendered was for a pair of boots before that time purchased by the said George Fox from the plaintiff therein, and that no part thereof was for work and labor; but for the purpose of fraudulently deceiving the said justice, and in order to deprive the said George Fox and his family of the exemptions provided by statutes of this state, said Larsen falsely represented said indebtedness to be for work and labor, and thereby procured a finding to that effect to be made and entered in connection with the judgment aforesaid; that a transcript of said judgment was thereafter filed in the office of the clerk of the district court for Lancaster county and an execution issued for the satisfaction thereof, by virtue of which the said McClay, as sheriff, on the 6th day of January, 1891, sold to the defendant Judd, for the sum of $1, lot 16, block 5, in East Park Addition, in the city of Lincoln, which was at the date of said judgment, and still is, the homestead of the plaintiffs and their family, and as such has been continuously occupied by them, and that on the 16th day of March, 1891, a deed was executed by the said sheriff whereby he pretended to convey·to said Judd the premises above described; that on the 18th day of May, following, the defendant last named, claiming title to said premises by virtue of the aforesaid sheriff's deed, lodged with a justice of the peace for said county a complaint alleging that he was entitled to the possession thereof, but that the plaintiffs herein unlawfully and forcibly detained the same; that plaintiffs failed to appear and defend in that proceeding by reason of a mistake respecting the hour set for the hearing thereof, whereby judgment was rendered against them in their absence for the restitution of the premises and for costs of suit, and which the said justice refuses upon their motion to set aside and vacate; that a writ of restitution was subsequently issued and placed in the hands of said sheriff, and which he now threatens to execute, by removing the plaintiffs and their children

from said premises and putting said Judd in possession thereof pursuant to the judgment last mentioned. It is further alleged that the real estate described, the title of which is in the said Ella Fox, is of the value of $1,500 only, and is accordingly exempt to the plaintiffs as a homestead under the laws of this state. The prayer is that the judgment first above mentioned be declared null and void; that the sale and deed to the defendant Judd, as well as the judgment of restitution, be canceled and set aside and the defendants forever enjoined from asserting title or right of possession under and by virtue of said judgment or proceedings thereunder. The defendants Judd and McClay answered, alleging that the judgment first mentioned was rendered for work and labor before that time performed by Larsen, upon due notice, and is in all respects regular and valid; that subsequent to the sale by the sheriff of the property in dispute the plaintiffs herein joined in resisting the confirmation thereof, on the ground that said property was their homestead, which objection, although supported by plaintiffs' own affidavits, was overruled and the sale in due form confirmed, which order remains in full force and effect and is an adjudication of the issue thus presented. The other allegations of the petition are put in issue by the answer. The reply is a general denial.

The question first claiming attention is that of the validity of the original judgment, upon which the subsequent proceedings depend. We quite agree with counsel for plaintiffs that Larsen was not within the exception contained in section 531 of the Code, providing that nothing therein contained shall be construed as exempting "any property in the state from execution or attachment for clerks', laborers', or mechanics' wages," etc. The claim upon which that judgment rests was, as we have seen, the price of a pair of boots, and which, as the record discloses, were manufactured by Larsen upon the written order of the plaintiff George Fox; but the relation of the former to the latter was that of an independent contractor,

and not that of master and servant as contemplated by the statute. In *Lang v. Simmons*, 64 Wis., 529, the test was held to be whether one claiming rights under the statute retains the entire control of the work to be done, or whether he is subject to the control and direction of the other party; that if a servant or employe occupies such relation toward his employer that the latter can control and direct him while engaged in the work in hand, he is within the protection of the statute exempting wages; otherwise not. The rule thus stated appears altogether reasonable and just, and is fully supported by the numerous authorities to which reference is made in the case above cited. There is, however, a fatal objection to the reasoning of plaintiffs with respect to this branch of the case, viz., the failure of George Fox to exhaust his remedy before the justice of the peace. He was notified that he had been sued by Larsen on account for work and labor, but permitted judgment to be entered against him by default, and which, although obviously erroneous, is not void in the sense that it can be impeached in a purely collateral proceeding.

It is shown by the record that the property in controversy was, at and prior to the date of the levy thereon, held by George Fox under and by virtue of a contract of purchase from one Huff, and that pending the subsequent proceedings he assigned said contract to his wife, Ella Fox, who procured its cancellation and the execution of a new agreement, in her own name, by said Huff. It is from the foregoing facts argued that Ella Fox took subject to the levy to satisfy the judgment against her husband, and was not, therefore, a necessary party to the confirmation proceeding. There would have been some force in that argument provided the judgment against George Fox had been a lien upon the property in controversy; but, as clearly established by the proofs, said premises were during all of the time in question actually occupied by the plaintiffs and their family as a homestead, and were exempt to them under the provi-

sions of chapter 36, Compiled Statutes. (*Schribar v. Platt*, 19 Neb., 625; *Giles v. Miller*, 36 Neb., 346; *Baumann v. Franse*, 37 Neb., 807.) The provision of the Code excepting clerks', laborers', and mechanics' wages from the operation of the exemption laws of the state appears in the Revised Statutes of 1866. The provision exempting homesteads is found in the act approved February 26, 1879, entitled "An act to provide for the selection and disposition of homesteads, and to exempt the same from judgment liens, and from attachment, levy, or sale, upon execution or other process" (Session Laws, 1879, p. 57), section 1 of which, after defining the homestead, declares that it "shall be exempt from judgment liens and from execution or forced sale, except as in this chapter provided." The only exceptions therein appearing are those enumerated in section 3, viz.: (1) Debts secured by mechanics', laborers', or vendors' liens; (2) debts secured by mortgage executed and acknowledged by both husband and wife, or an unmarried claimant. The act last mentioned is, as indicated by its title, complete in itself and embraces the entire subject-matter of the selection, exemption, and disposition of the homestead. Granting, therefore, that the foregoing provision of the Code relating to clerks', laborers', and mechanics' wages was intended to apply to property otherwise exempt as a homestead, it is in radical conflict with section 1 of the act of 1879 and was thereby repealed by implication. (*Brome v. Cuming County*, 31 Neb., 362; *State v. Benton*, 33 Neb., 823; *State v. Bemis*, 45 Neb., 724.) Nor can the fact that the same provision is found in the act of 1887, amendatory of section 531 of the Code, be regarded as material, since the evident purpose of that measure is to limit the amount of property exempt in certain cases, and by no reasonable construction can it be said to affect the statute relating to homesteads.

But the proposition most relied upon by defendants is that the question whether or not the Larsen judgment was a lien upon the premises was, by the order of confir-

mation, determined adversely to the plaintiffs. It should be observed that the alleged appearance in that proceeding by Ella Fox is put in issue by the answer, and among other findings of the district court is the following: "The said Ella Fox was not a party to the action and not a party to the confirmation proceedings under said sale, and was not concluded by such confirmation." The record shows that Mrs. Fox, by attorney, on January 28, 1891, objected to the confirmation on the following grounds: "(1) She is the owner of the premises and the execution was not issued for the satisfaction of any judgment against her; (2) the execution defendant, George Fox, has no interest in said premises; (3) the confirmation of the sale and the recording of a sheriff's deed will cast a cloud upon her title," and which objections were supported by affidavits of the plaintiffs herein. On the other hand, it is shown by the testimony of the plaintiffs that the appearance in the name of Mrs. Fox was wholly unauthorized, and that the affidavits mentioned were by them intended to be used in support of like objections interposed by the said George Fox. The finding in favor ·of the plaintiffs, based upon the foregoing evidence, which is undisputed except by the record above referred to, must for the purpose of this proceeding be accepted as conclusive. The single question presented upon the final analysis of the cause by the district court was that of the veracity of the plaintiffs, and which, as is obvious from the result, was resolved in their favor.

The decree is in accordance with the proofs and will be affirmed. We may add that counsel for defendants, by failing to discuss the effect of the judgment against the plaintiffs, in the proceeding for the forcible detention of the property, have rendered unnecessary an examination of that subject.

AFFIRMED.