ALBERT LITTLEFIELD, and another,

*vs.*

FRANK A. MORRILL, and lumber.

York.    Opinion May 1, 1903.

*Lien. Logs. Laborer. Independent Contractor. R. S., c. 51, § 141; c. 91, § 38.*
*Stat. 1889, c. 183.*

1. Revised Statutes, ch. 91, § 38, as amended by ch. 183 of Stat. of 1889 giving a statutory lien for labor on logs, was designed for the protection of laborers only and not for independent contractors.

2. The phrase "whoever labors" in the above named statute is equivalent to the word "laborer" and means no more.

3. A "laborer" in the statutory sense is one who performs manual labor for wages under the direction of his employer.

4. One who contracts to do a specific piece of work which he may perform by his own labor or by the labor of others, is not a laborer in the statutory sense, even though he in fact performs the entire work with his own labor. In such case he does not work for wages but to save paying wages.

5. The fact that such contractor's compensation is by the contract made proportional to the extent of the work contracted for, does not make his compensation of the nature of wages, nor make him a laborer.

6. One who contracts to cut and haul all the logs and lumber on a definite tract of land at a fixed price per M. is, as to that work, a contractor and not a laborer, and hence is not entitled to a lien for such labor as he personally performs.

On report.    Judgment for defendant lumber owners.

Action for enforcing a lien claim for cutting, hauling and sticking 265,300 feet of logs and lumber by the plaintiffs, by virtue of a contract with one Frank A. Morrill, and by and with the consent of Roscoe K. Morrill, the supposed owner.

The case appears in the opinion.

*Fred J. Allen and Geo. F. and Leroy Haley,* for plaintiffs.

*S. W. Emery, T. H. Simes and G. E. Corey,* for defendants.

SITTING: EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, JJ.

EMERY, J. The evidence shows these facts: One Frank A. Morrill, apparently having bargained for all the log stumpage on a certain tract of land, contracted with these plaintiffs for them to cut and haul at a fixed price of $2.25 per M. all the logs and lumber on that tract. This contract the plaintiffs at first "let out by the thousand" to other parties, who abandoned the work after cutting and hauling about 100 M. The plaintiffs then hired other workmen and with their help and with their own work and teams finished the contract, cutting and hauling in all 265 3-10 M. including the 100 M. above mentioned. During the progress of the work Mr. Morrill paid them $300 on account, all of which they paid over to the men in their employ as their wages for work done on the logs and lumber. All this was done with the knowledge and consent of Morrill.

The plaintiffs now bring this action of assumpsit upon an account annexed for cutting and hauling the 265 3-10 M. at $2.25 per M. giving credit for the $300 paid and claiming a balance of $296.93. For this balance they also claim a statutory lien on the logs and lumber, which latter claim the present owners of the logs and lumber resist, Frank H. Morrill having been defaulted.

The lien is claimed under R. S., (1883) ch. 91, § 38, as amended by ch. 183 of Public Laws of 1889, which is as follows: "Whoever labors at cutting, hauling, rafting or driving logs or lumber, or at cooking for persons engaged in such labor, or in shoeing horses or oxen or repairing property while thus employed, has a lien thereon for the amount due for his personal services and the services performed by his team."

The liminal question is whether the evidence brings these plaintiffs within the purview of the statute, and to this question the answer must be in the negative. It is now settled that the statute is designed solely for the protection of laborers performing physical labor with their own hands, and with their teams, under the direction of an employer and for fixed wages, and that the subject matter of that protection is solely the wages earned by such laborers.

*Rogers* v. *Dexter and Piscataquis Railroad Company,* 85 Maine, 374, 21 L. R. A. 528; *Blanchard* v. *Portland and Rumford Falls Railway,* 87 Maine, 241; *Meands* v. *Parks,* 95 Maine, 527; *Richardson* v. *Hoxie,* 90 Maine, 227.

It is true, these plaintiffs performed some physical labor and also used their own teams to some extent on these logs and lumber, but they did not so do under the direction of an employer and for mere wages. They had not merely hired out their personal labor. They had taken a contract to cut and haul all the logs on the tract, and were independent in their method of doing it, and were carrying out their contract largely through the labor of others employed by them. They were contractors engaged in a business enterprise from which they expected profits which might be more or less according to circumstances. They were not mere laborers working for fixed wages the rate of which would not be varied by circumstances. When they labored themselves it was not for wages, but to increase profits by saving wages. Had the enterprise proved profitable they could, and undoubtedly would, have retained all the profits however much in excess of the customary wages in such work, and would have allowed no rebate to the owners of the logs. Hence, if the enterprise has proved unprofitable they should not, and cannot, repudiate their position as contractors and recover wages as laborers.

In *Rogers* v. *Dexter and Piscataquis Railroad Co.,* 85 Maine, 372, 374, 21 L. R. A. 528, above cited, the plaintiff had contracted to do a certain amount of grubbing for the construction of a railroad bed, at a fixed price per square yard. He employed other men, but also labored personally and physically with them in the manual labor of grubbing. Having thus completed the work and not being paid therefor by the general contractor for the whole road, he sought to recover of the railroad company under R. S., (1883) ch. 51, § 141, making railroad companies liable to "laborers employed, for labor actually performed on the road." It was held he could not recover of the company even for his own labor thus actually performed on the road, since he was not a "laborer" in the statutory sense of the word but was an independent contractor whose personal labor was not for wages but to save paying wages. In *Meands* v. *Parks,* 95 Maine,

527, above cited, the doctrine above quoted from *Rogers* v. *Dexter and Piscataquis Railroad Co.* was affirmed and held applicable to cases of liens claimed on logs and lumber.

The cases *Bondur* v. *LeBourne*, 79 Maine, 21, and *Ouelette* v. *Pluff*, 93 Maine, 168, are cited in argument, but they are easily distinguishable from this case. In those cases the plaintiffs did not engage in a business enterprise out of which they might make a profit or a loss according to circumstances. They simply hired out their own personal labor at a fixed wage, the rate of which was not to be varied by circumstances and they were under the personal direction of their employer. It is true, they were to be paid by the cord instead of by the day or week, &c., and in this respect the cases cited resemble this case at bar, but the rate of wages can be fixed as well by the piece as by time, and they still be wages. That laborers are paid by the piece instead of by time does not change their character as laborers. Their earnings are none the less their wages, and fixed wages which the statute was enacted to protect.

> *Judgment for the owners, Roscoe H. Morrill and Chas. H. Haines.*