KNOXVILLE TABLE & CHAIR CO. *v.* KERR BROS. & CROSS
*et al.*\*

(*Knoxville.*   September Term, 1914.)

**MASTER AND SERVANT.**   Liens.   "Employee" and day "laborers."   Contractors.

Persons who furnish and drive, or employ others to drive, their teams, in the hauling of lumber, to be paid by the thousand feet hauled, are not within Shannon's Code, sec. 3564, giving "employees" and "day laborers" of a corporation or partnership a lien for their labor and services, for wages or compensation in arrears for less than three months, but are contractors; they being their own masters as to time and manner of work, and their compensation not being wages.

Code cited and construed:   Sec. 3564 (S.).

Cases cited and approved:   Fox v. McClay, 48 Neb., 820; Lang v. Simmons, 64 Wis., 525; Littlefield v. Morrill, 97 Me., 505; Henderson v. Nott, 36 Neb., 154; Balch v. N. Y., etc., R. Co., 46 N. Y., 521; Vane v. Newcombe, 132 U. S., 220; King v. Kelly, 25 Minn., 522; Malcomson v. Wappoo Mills, 85 Fed., 907; Tod v. Railway, 52 Fed., 241.

---

FROM MORGAN.

---

Appeal from the Chancery Court of Morgan County to the Court of Civil Appeals and by *certiorari* from

---

\*On the question who are laborers within statute for mechanics' lien, see note in 18 L. R. A., 305.

the Court of Civil Appeals to the Supreme Court.—
A. H. ROBERTS, Chancellor.

WRIGHT & JONES, for appellee.

JOHN W. STAPLES, W. Z. STRICKLAND and JOHN M.
DAVIS, for appellants.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

In this, a general creditors' proceeding, a number of
interveners filed petitions to set up claims to liens on
the assets of the insolvent defendant firm.

The defendants as a copartnership were engaged in
the operation of a sawmill, and some of the petitioners
furnished and drove their own teams in the delivery
of lumber from the mill site to the railway, while others
furnished their teams and employed third persons to
drive them. All were to be paid by the thousand feet
of lumber hauled.

The contention of all of them is that they were labor-
ers or employees, and therefore lienors, within the
meaning of Code (Shannon), Sec. 3564, which is as fol-
lows:

"All employees and day laborers of any corporation
or partnership . . . shall have a lien upon the cor-
poration or firm property, real and personal, for their
labor and services performed for such corporation or
partnership for wages or compensation in arrears or
unpaid for less than three months."

Chair Co. v. Kerr.

The chancellor allowed the claims of petitioners as liens under the statute, but the court of civil appeals reversed his ruling. Writ of *certiorari* is sought to review the decree of the last-named court.

One who so far retains the control of work in his hands that he is not subject to the direction of him to whom he is found while engaged thereat is, as to such claim, a contractor, and does not come within the meaning of "laborer" or "employee." *Fox* v. *McClay*, 48 Neb., 820, 67 N. W., 888; *Lang* v. *Simmons*, 64 Wis., 525, 25 N. W., 650.

The petitioners were not mere laborers working for fixed wages, the rate of which would not be varied by the circumstances of results produced. When they did labor it was for themselves in an effort to make a contract profit, and they are to be deemed contractors. *Littlefield* v. *Morrill*, 97 Me., 505, 54 Atl., 1109, 94 Am. St. Rep., 513; *Henderson* v. *Nott*, 36 Neb., 154, 54 N. W., 87, 38 Am. St. Rep., 720; *Balch* v. *N. Y., etc., R. Co.*, 46 N. Y., 521.

An "employee" within the meaning of such a statute is a servant, and not a contractor bound only to produce or cause to be produced a certain result of labor, and free to dispose of his own time and personal efforts according to his pleasure without responsibility to the other party as to time or manner of doing the work. *Vane* v. *Newcomer*, 132 U. S., 220, 10 Sup. Ct., 60, 33 L. Ed., 310.

The words "laborer" and "employee" in the act quoted, therefore, do not include one who contracted

to furnish a team or teams for work, with or without his own services, where the measure of compensation is not a wage or salary, but compensation is by contract based upon accomplishments of results, as for example by the thousand feet of lumber hauled. *King* v. *Kelly,* 25 Minn., 522; *Malcomson* v. *Wappoo Mills* (C. C.), 85 Fed., 907; *Tod* v. *Railway,* 52 Fed., 241, 3 C. C. A., 60, 18 L. R. A., 305.

The legislature doubtless considered that such a contractor, in dealing more nearly at arm's length, would have his opportunity to provide in the immediate contract for security or a lien on a firm's or corporation's property for the payment of his compensation.

The court of chancery appeals did not err in denying petitioners the status of lienors under the statute. Affirmed.