# BERGER MANUFACTURING COMPANY v. HIRAM LLOYD et al., Appellants.

### Division One, February 26, 1908.

CONTRACTOR'S BOND: Liability to Materialman's Vendor. A contractor entered into a contract for. the erection of a building and gave bond to the owner to "make payment to all parties furnishing materials used in the work," and the contractor sublet the metal work to a subcontractor, who bought the metal from plaintiff, who sues on the bond on the theory that it was a materialman. The contractor paid the subcontractor for the metal which went into the building, but the subcontractor did not pay the plaintiff. *Held,* that the bond was satisfied when the contractor paid the subcontractor, and plaintiff cannot recover on the bond because the subcontractor did not in turn pay plaintiff for the material.

Transferred from St. Louis Court of Appeals.

REVERSED.

*Henry A. Hamilton* for appellants.

(1) A contract between two parties upon a valid consideration may be enforced by a third party, when entered into for the benefit of such third party, even

though he may not be mentioned in the contract, and though he was not privy to the consideration. Rogers v. Gosnell, 58 Mo. 590; State ex rel. v. Gaslight Co., 102 Mo. 482; Ellis v. Harrison, 104 Mo. 270; City to use v. Von Phul, 133 Mo. 561; Devers v. Howard, 144 Mo. 671; School District v. Livers, 147 Mo. 580; Bethany v. Howard, 149 Mo. 504; Lime & Cement Co. v. Wind, 86 Mo. App. 163. (2) No one has a right of action on an agreement except those who are in the minds of the parties as beneficiaries of its provisions, and it must be determined from the language employed in the instrument what parties were intended as beneficiaries by the parties to the agreement. State ex rel. v. Loomis, 88 Mo. App. 500; Ellis v. Harrison, supra; Howsmon v. Water Co., 119 Mo. 304; State v. Railroad, 125 Mo. 596; Porter v. Woods, 138 Mo. 539; Ins. Co. v. Water Co., 42 Mo. App. 118. (3) The contract and bond involved in the case at bar must be construed together, and the obligation of the sureties on the bond should not be enlarged beyond what is warranted by a fair and reasonable construction of its terms. Sexton v. Anderson, 95 Mo. 373; Houck v. Frisbee, 66 Mo. App. 16; Bauer v. Cabanne, 105 Mo. 110; Cochrane v. Stewart, 63 Mo. 424; Erath v. Allen, 55 Mo. App. 107; Bricken v. Stone, 47 Mo. App. 530.

*R. M. Nichols* for respondent.

Plaintiff, materialman of the sub-contractor, the Quernheim Company, is embraced within the meaning of the bond, both in its literal interpretation and under repeated decisions. Lime & Cement Co. v. Wind, 86 Mo. App. 163; State ex. rel. v. Loomis, 88 Mo. App. 500; Forge Co. v. Cullen & Stock, etc., 105 Mo. App. 484; St. Louis v. Von Phul, 133 Mo. 565; Devers v. Howard, 44 Mo. 671; School Dist. v. Livers, 147 Mo. 581; City of Bethany v. Howard, 149 Mo. 504; Crone

v. Stinde, 156 Mo. 263; Lime & Cement Co. v. Bank, 158 Mo. 273.

WOODSON, J.—This suit was instituted in the circuit court of the city of St. Louis by the plaintiff against the defendants, as the principal and sureties on a bond executed by them to the Board of Education of that city, conditioned that Hiram Lloyd, the principal, would faithfully perform a building contract therein mentioned, according to all the terms thereof, and should make payment to all parties furnishing materials used in the work provided for in said contract and specifications thereto annexed, including any alterations and additions that might be made, and for all labor performed on said work, whether by sub-contract or otherwise, then said obligation should be void, otherwise the same should remain in full force and virtue.

For a breach of said bond the plaintiff states that the said defendant, Hiram Lloyd, did enter into a contract with the Quernheim Steel Metal Works Company whereby the said Quernheim Steel Metal Works Company agreed to furnish all the sheet metal work required under the provisions of the aforesaid contract, and that pursuant to said contract and between the 11th day of March, 1902, and the 27th day of March, 1902, inclusive, the said Quernheim Sheet Metal Works Company did purchase and receive from this plaintiff twelve thousand, four hundred and thirty pounds of No. 24 gauge galvanized iron at $3.99 per 100 pounds, amounting to $495.96, and also one hundred and five pounds of half-and-half solder at seventeen cents per pound, amounting to $17.85, and amounting in all to $513.81, for which it failed to pay plaintiff; that the said Hiram Lloyd used said material in the construction of said school house, under the provisions of the said first-mentioned contract.

Plaintiff then states that it requested payment of said amount from defendant, Hiram Lloyd, and payment was refused; that it was familiar with the terms of the contract entered into between defendant Lloyd and the Board of Education, and that it relied on the provisions of the contract and bond as security for the payment of the material furnished by it, and prays judgment for the penalty of the bond, $52,128.50, and that its damages be assessed at $513.81 and costs.

The answer of defendants consisted of:

FIRST. A general denial.

SECOND. The second defense alleged that the contract and bond were executed as alleged in the petition; that the Quernheim Sheet Metal Works Company did agree with defendant, Hiram Lloyd, to furnish the sheet metal work for the Emerson School; that said company did furnish it to defendant, Hiram Lloyd, and that said Lloyd paid Quernheim Sheet Metal Works Company all he had agreed to pay for the material furnished by that company. Then followed the general allegation: "Defendants further say that defendant, Hiram Lloyd, did erect, construct and build said school house, and did furnish at his own cost and expense all material used in the construction of the said Emerson School, and did pay the wages of all artisans and laborers and all those employed by or furnishing material to said Hiram Lloyd, and did make payment to all parties furnishing the same for all material used by said Hiram Lloyd in aforesaid work, provided for in the contract between said Hiram Lloyd and said Board of Education, and for all labor performed on such work, whether by sub-contract or otherwise."

THIRD. Defendants pleaded that the bond mentioned in plaintiff's petition provided that the obligee might assign the same to any sub-contractor, materialman or laborer, who at the instance of the principal obligor, had furnished work or material towards the

completion of the contract, and that such subcontractor, materialman or laborer should have no benefit or right under the said bond until the same was so assigned. That the said bond was never assigned to plaintiff by the Board of Education and that plaintiff had no right or authority to institute or maintain this action.

Plaintiff's reply was a denial of the matters set forth in the answer.

There is no dispute regarding the facts of the case. The evidence shows that Lloyd entered into the contract with the Board of Education to construct the school house mentioned, and executed the bond in question for the purposes stated in the petition; that Lloyd also entered into a contract with the Quernheim Sheet Metal Works Company, whereby it agreed to furnish all the sheet metal work required under the provisions of the building contract; that the Quernheim Sheet Metal Works Company purchased of plaintiff the galvanized iron and solder mentioned in the petition; that the same was used in the construction of said school building; that the purchase price was reasonable; and that the said Metal Company never paid plaintiff any sum on the purchase price thereof. It is also an undisputed fact that Lloyd did pay to Quernheim Sheet Metal Works Company the full contract price of all materials purchased by it of plaintiff; but the said Metal Company never paid the plaintiff therefor.

The court, over the objections of the defendants, instructed the jury that, if they found the facts to be as above stated, then their verdict should be for the plaintiff.

The defendants asked an instruction in the nature of a demurrer to the evidence, which was, by the court, refused; and to the action of the court in giving and refusing said instructions the defendants duly excepted.

The jury found for the plaintiff, and judgment was entered accordingly. After an unsuccessful mo-

tion for a new trial had been passed upon, the defendants appealed the cause to the St. Louis Court of Appeals. That court handed down an opinion in the cause reversing the judgment of the lower court, but one of the judges dissented therefrom and certified the case to this court.

I. There is but a single question involved in this appeal, and presented thereby for our determination; and that is whether or not the contractor, Lloyd, and his securities, are liable on the bond in suit to the vendor, the plaintiff, for the price of building material sold by it to Quernheim Sheet Metal Works Company, who contracted with Lloyd to furnish the metal work called for in his contract with the Board of Education. The plaintiff affirms and the defendants deny that proposition. The proper determination of that question must be solved by ascertaining the intention of the parties to the contract and bond made and executed to the Board of Education.

The contract and specifications call for certain metal work, which required the furnishing of so much galvanized iron and solder; and the bond was conditioned that the contractor should faithfully perform the contract and should make payment to all parties furnishing material used in the work provided for in said contract and specifications.

The contractor sub-let the metal work to be done, including the required materials, to the Quernheim Sheet Metal Works Company, who, under this contract with Lloyd, furnished the galvanized iron and solder called for by the contract and specifications made with the Board of Education. It is not contended by plaintiff that the said Metal Company did not furnish those materials to Lloyd, or that they did not go into the building; but plaintiff does contend that it furnished that material to the Metal Company and that the latter furnished it to Lloyd, which plaintiff insists is

equivalent to its furnishing them direct to Lloyd, and for that reason it is a materialman within the meaning of the bond.

We are unable to concur in that construction of the bond. Evidently the parties thereto meant just what they expressed in the bond, namely, that Lloyd, the contractor, should "make payment to all parties furnishing materials used in the work." The Metal Company furnished the materials used, and it was paid in full therefor by Lloyd, the contractor, according to the letter and the spirit of the bond. If the contention of plaintiff is sound, and the contractor is required to pay it also for the same materials, then where will his liability stop?

If Lloyd is liable under the bond to plaintiff for the materials it sold to the Metal Company then under the same process of reasoning he would also be liable to the jobber or manufacturer who sold the materials to the plaintiff and so on *ad infinitum*, and he and his securities would never reach the end of their liability.

It is thus seen that by carrying plaintiff's contention to its logical and inevitable conclusion, it would lead us to the absurdity above suggested, which, of course, shows the unsoundness of its position.

We are, therefore, of the opinion that the conclusions reached by the majority opinion of the Court of Appeals is correct, and that the circuit court erred in giving and refusing instructions.

The judgment of the circuit court is reversed.

All concur.