## CITY OF ST. LOUIS to use of CONTRACTING & SUPPLY COMPANY, Respondent, v. HILL-O'MEARA CONSTRUCTION COMPANY et al., Appellants.

### St. Louis Court of Appeals, June 24, 1913.

1. **PRINCIPAL AND SURETY: Municipal Corporations: Bond Given for Public Work: Rights of Laborers and Materialmen.** A bond given by a contractor who enters into a contract with the city of St. Louis for the construction of a public building, conditioned that he pay to the proper parties all amounts due for material and labor employed in the performance of the contract, is to be interpreted in the light of Secs. 6761 and 6762, R. S. 1899, providing that all such bonds shall be conditioned "for the payment of all material used in such work and labor performed on such work, whether by subcontract or otherwise," and Secs. 253 and 254 of the Revised Code of said city (Rombaver, 1912), to the same effect, with a view of effectuating the legislative intent manifested thereby, although its terms and provisions cannot be enlarged by these enactments.

2. ————: ————: ————: ————: **Authority of City to Take Bond.** The city of St. Louis has power and authority to require a contractor for the construction of a public building to give a bond conditioned that he pay for all material used, and all work and labor performed, on such building.

3. ————: ————: ————: ————: **Purpose of Bond.** The purpose of requiring a bond, conditioned that the contractor pay for all material used and all work and labor performed in the construction of a public building or other public improvement, is to afford those furnishing material and labor on the public work, which cannot be subjected to a mechanic's lien, the same measure of protection as is afforded by the mechanic's lien law where the building or improvement is not of a public character.

4. ————: ————: ————: ————. A party who furnishes plaster, lime, cement and other materials to a subcontractor, for use and which are used in the construction of a city building, in the manner contemplated by the contract, is entitled to maintain an action for the value of such material on a bond given by the contractor to the city, conditioned that he pay to the proper parties all amounts due for material and labor employed in the performance of the contract.

5. ———: ———: ———: ———. Where a contractor who entered into a contract with a city for the construction of a public building gave a bond, conditioned that he pay to the proper parties all amounts due for material and labor employed in the performance of the contract, payment by the contractor to a subcontractor of the full contract price for the portion of the work done by the subcontractor would not affect the contractor's liability under the bond to a party who furnished materials to the subcontractor for use in the construction of the building.

6. ———: ———: ———: ———. One who furnishes labor or materials to a subcontractor in carrying out the terms of a contract for the construction of public work stands in such privity of contract with the original contractor as to be entitled to sue on the contractor's bond, conditioned that he pay to the proper parties all amounts due for material and labor employed in the performance of the contract.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur,* Judge.

AFFIRMED.

*Robert E. Collins* for appellant.

The main contractor having paid the subcontractor the contract price in full, the materialman who furnished material to the subcontractor was not entitled to recover on the bond furnished by the main contractor, and the court below erred in refusing defendants' instruction and in finding in favor of the plaintiff. Berger Mfg. Co. v. Lloyd, 209 Mo. 681.

*Blodgett & Hogan* and *Chas. W. Bates* for respondent.

(1) The right of the materialman who furnished material for the building, which material went into the building, under contract with the contractor's subcontractor, to recover on the bond given by the contractor, and sued on in this case, under the provisions of the ordinances of the city of St. Louis, is clear.

Revised Code of St. Louis, 1907, secs. 1988 and 1989; St. Louis v. Von Phul, 133 Mo. 561; Kansas City v. Youmans, 213 Mo. 151; United States v. Surety Co., 200 U. S. 197. (2) The right of a materialman, who furnished material for the building, which material went into the building, under contract with the contractor's subcontractor, to recover on the contractor's bond, sued on in this case, under the statutes of the State of Missouri, is clear. 2 R. S. 1899, secs. 6761 and 6762 (with amendment, not pertinent to this case, these sections became secs. 1247 and 1248, R. S. Mo. 909); Board Fidelity & Guaranty Co., 166 Mo. App. 410. (3) The right of the materialman who furnished material for the building, and which material went into the building, under contract with the contractor's subcontractor, to recover on the contractor's bond, sued on in this case as a common law bond, irrespective of either statutory or ordinance provisions, is clear. Lumber Co. v. Schwartz, 163 Mo. App. 659. (4) While the liability of the surety extends to those only who have done labor or furnished material in privity by contract with the original contractor, those are in privity of contract with the original contractor who do labor or furnish material for the building to the subcontractor under the original contract. Board v. Fidelity & Guaranty Co., 166 Mo. App. 410; Lime & Cement Co. v. Wind, 86 Mo. App. 163; Pressed Brick Co. v. School District, 79 Mo. App. 665; Lumber Co. v. Schwartz, 163 Mo. App. 659; Board v. Fidelity & Guaranty Co., 155 Mo. App. 109. (5) The contractor's bond is a continuing guaranty. The defense set up by appellants that the original contractor paid out more money to complete the work contracted for by the subcontractor than the subcontractor's contract with the original contractor called for, is no defense to this action on the original contractor's bond by the materialman who furnished material for the building

under the contract with the subcontractor in reliance on the bond, such material having entered into the building which was accepted by the original contractor and by the owner of the building under the original contract.    Kansas City to Use v. Youmans, 213 Mo. 151; Sash & Door Co. v. Buckner, 80 Mo. App. 95.   (6) As no lien is provided for publicly owned buildings, it was the purpose of the statutory and ordinance provisions to substitute the obligation of a bond for the security furnished by the mechanics' lien statutes on privately owned buildings.   The statutes, ordinances and contractor's bond are to be construed with the purpose in view and so as to effectuate such purpose to the extent that the language used will permit.   Board v. Fidelity & Guaranty Co., 155 Mo. App. 109, 166 Mo. App. 410; Press Brick Co. v. School District, 79 Mo. App. 665; United States v. Surety Co., 200 U. S. 197.

ALLEN, J.—This is an action on the bond of a contractor for the erection of an addition to the insane asylum of the city of St. Louis, brought in the name of said city to the use and for the benefit of the relator, the Contracting & Supply Company, to recover a balance alleged to be due the relator for materials furnished to and for such building under contract with a subcontractor of the defendant, Hill-O'Meara Construction Company, the latter being the original contractor.   All the parties to the record are corporations. The plaintiff recovered and the defendants prosecute the appeal.

It appears that on September 17, 1908, the defendant, Hill-O'Meara Construction Company, entered into a written contract with the city of St. Louis, whereby it contracted and agreed to construct certain additions to the insane asylum of said city.   This contract contains the bond here sued upon, which was executed by the defendant, Hill-O'Meara Construction Company,

as principal, and its codefendant, the Mississippi Valley Trust Company, as surety. The bond is conditioned that the defendant "shall faithfully and properly perform the foregoing contract according to all the terms thereof, and shall, as soon as the work contemplated by said contract is completed, pay to the proper parties all amounts due for material and labor used and employed in the performance thereof." The bond also provides that "the same may be sued upon at the instance of any materialman, laboring man, or mechanic, in the name of the city of St. Louis, to the use of such materialman, laboring man or mechanic, for any breach of the conditions thereof."

The essential facts are not in dispute. It appears that on or about July 10, 1909, the defendant, Hill-O'Meara Construction Company, the contractor, sublet to Smith & Watson Company, a corporation, that portion of the work to be done under the contract, designated as "plastering." It further appears that thereafter, in reliance upon the contract of the Smith & Watson Company with the defendant, Hill-O'Meara Construction Company, the contract of the latter with the city and the bond here sued upon, and at the special instance and request of the Smith & Watson Company and under contract with it, the relator from time to time furnished for and delivered to said building, while in the process of construction, certain plaster, lime, cement and other materials, which were actually used in the construction of said building in the manner contemplated by the said contract for the erection thereof; that the prices charged for the materials so furnished as shown by the account filed with the petition, were the prices agreed upon between the relator and the said Smith & Watson Company, and were the reasonable value of the materials so furnished; and that the balance of $2735.14 remained due plaintiff on account thereof.

The evidence discloses that, after doing a portion of the plastering work, the Smith & Watson Company, having in the meantime changed its corporate name, abandoned its contract with the defendant, Hill-O'Meara Construction Company, for doing of said plastering, and that the defendant, Hill-O'Meara Construction Company, was compelled to and did thereafter complete this work; that the payments made by the defendant Hill-O'Meara Construction Company to the Smith & Watson Company, or its successor, up to the time of the abandonment of said work, together with the amounts paid out by said defendant to other persons for completing the work to be done under said plastering contract, exceeded the price for which the Smith & Watson Company agreed to do the same.

The suit was instituted within ninety days after the completion of the work, as required by the ordinance under which the bond was given. [Sections 1988 and 1989 of Woerner's Revised Code of the City of St. Louis (1907), now Sections 253 and 254 of the Revised Code of said City (Rombauer, 1912).] The cause was tried before the court without a jury. The court found the issues against the defendants, and entered judgment for the relator and against the defendant Hill-O'Meara Construction Company, as principal, and defendant Mississippi Valley Trust Company, as surety, for the sum of $3,000,000, the penalty of the said bond, to be satisfied upon payment of the said sum of $2735.14 damages, with interest at the rate of six per cent per annum from the institution of the suit.

The only question involved in the appeal pertains to the right of one to recover on a bond such as this, who furnishes material at the instance and request of a subcontractor, by delivering the same to the building under construction and which is actually used in the construction thereof. Appellants contend that there can be no recovery upon the bond in such a case, where

the original contractor has paid the subcontractor the full contract price for the work to be done by the latter. The appellants' position is that the contractor, the Hill-O'Meara Construction Company, paid the subcontractor, Smith & Watson Company, the latter's full contract price for the work to be done by it. This is denied by the relator upon the ground that the contractor had paid to the Smith & Watson Company less than one-half of the amount of its contract price at the time of its abandonment of the work; the payments made thereafter by the contractor on account of the plastering work having been made to others, for the account of the Smith & Watson Company, in the completion of this work. We do not consider the question of payment to the subcontractor material, however, in the view that we take of the case.

The bond is literally in accord with the provisions of the Revised Code of the City of St. Louis above referred to. The statutory provisions concerning such bonds, in force at the time that the contract was entered into, were sections 6761 and 6762 of the Revised Statutes of 1899 (now sections 1247 and 1248, Revised Statutes 1909, as amended), and provided that the bond should be conditioned "for the payment of all material used in such work and labor performed on such work, whether by subcontract or otherwise." The latter cannot enlarge the terms and provisions of the bond, but the language of the bond is to be interpreted in the light of the statute and ordinance and with a view to effectuating the legislative intent manifested by these enactments. [Kansas City to the use, etc., v. Youmans, 213 Mo. l. c. 183, 112 S. W. 225; State ex rel. v. Rubber Co., 149 Mo. l. c. 212, 50 S. W. 321; Henry County v. Salmon, 201 Mo. l. c. 162, 100 S. W. 20; Board of Education ex rel. v. Surety Co., 155 Mo. App. l. c. 117, 134 S. W. 18; United States to the use of Hill v. American Surety Co., 200 U. S. 197.]

That the city has full power and authority to require the giving of such a bond is beyond dispute, and the question demands no discussion. [City to the use of Glencoe Lime & Cement Co. v. Von Phul, 133 Mo. 561, 34 S. W. 843; Kansas City to use of Brick Co. v. Youmans, 213 Mo. 151, 112 S. W. 225.]

It has frequently been held that the purpose of requiring bonds such as this, on contracts for the erection of public buildings, is to afford to those furnishing material and labor on public work, which cannot be subjected to a mechanic's lien, the same measure of protection as is afforded by the mechanics' lien law where the building or improvement is not of a public character. [See Board of Education ex rel. v. Fidelity & Guaranty Company, 166 Mo. App. 410, 149 S. W. 46; Board of Education ex rel. v. Fidelity & Guaranty Company, 155 Mo. App. 109, 134 S. W. 18; Glencoe Lime & Cement Company v. Wind, 86 Mo. App. 163; Hydraulic Press Brick Company v. School District, 79 Mo. App. 665, 200 U. S. 197.]

Had the materials in question been furnished by the relator at the instance and request of a subcontractor, to and for any building other than a public one, he undoubtedly would have been entitled to a mechanic's lien against the property. [Fruin-Bambrick Construction Company v. Jones, 60 Mo. App. 1; Stevens Lumber Co. v. Kansas City Lumber Co., 72 Mo. App. 249; Western Sash & Door Co. v. Buckner, 80 Mo. App. 95; Knapp v. Stockyards, 152 S. W. 120.] And in view of the declared purpose of requiring such a bond to be given, where the building is of a public character, the law should, in such cases, afford him a remedy thereon. Our courts have repeatedly so held; and the question must be regarded as definitely settled in this State. [Glencoe Lime & Cement Co. v. Von Phul, supra; Kansas City to use of v. Youmans, supra; Board of Education v. Fidelity & Guaranty Co., supra.

See, also, United States to use of Hill v. American
Surety Company, supra.]

Neither is the relator's right to recover on the
bond in any wise affected by the question as to whether
or not the contractor has paid the subcontractor, at
whose instance the materials were furnished, the lat-
ter's full contract price for the portion of the work to
be done by it. Where the building is privately owned,
one's right to a mechanic's lien cannot be thus de-
feated. [See Henry & Coatsworth Co. v. Evans, 97
Mo. 50, 10 S. W. 868; Ittner v. Hughes, 133 Mo. 679,
34 S. W. 1110.] And, by the same reasoning, such
payment constitutes no defense to an action on the
contractor's bond, where the building is of a public
character. [See Kansas City v. Youmans, supra.]

That those who furnish labor and material to a
building or improvement for a subcontractor, in car-
rying out the terms of the original contract made with
the main or original contractor, stand in such privity
of contract with the latter as to be entitled to recover
upon the contractor's bond, has been repeatedly de-
clared by our courts; and an extended discussion of the
question could serve no useful purpose. [See Board
of Education ex rel. v. Fidelity & Guaranty Company,
155 Mo. App. l. c. 121, 134 S. W. 18; Board of Educa-
tion ex rel. v. Fidelity & Guaranty Company, 166 Mo.
App. 1 .c. 422, 149 S. W. 46; Glencoe Lime & Cement
Co. v. Von Phul, 133 Mo. 561, 34 S. W. 843; Glencoe
Lime & Cement Co. v. Wind, supra.]

Appellants rely solely upon the decision of the
Supreme Court in Berger Manufacturing Co. v. Lloyd,
209 Mo. 681, 108 S. W. 52. The facts of that case do
not fully appear in the opinion of the Supreme Court
just referred to, but may be ascertained by reference
to the statement of facts therein by Goode, J., when the
cause was in this court (113 Mo. App. l. c. 208, 91 S. W.
468), from which it will appear that there the plaintiff

did not furnish anything to the building in question, but sold the subcontractor raw materal (galvanized iron and solder) by the pound, which was delivered at the subcontractor's place of business and which the latter used in manufacturing the guttering, spouting, hot air pipes, etc., to be furnished by it under its contract with the contractor. The subcontractor actually furnished and delivered to the building the manufactured articles called for by the contract for the erection of the building. It does not appear that the plaintiff sold the raw material to the subcontractor in reliance upon the contractor's bond or with any reference to the particular building into which it might ultimately enter but evidently in the ordinary course of business and upon the subcontractor's general credit.

In the light of these facts, it is at once apparent that the Berger case does not sustain appellant's position. There, had the building been privately owned, the mechanics' lien law would have afforded no protection to the plaintiff who thus sold raw material to a subcontractor. The plaintiff delivered nothing to the building; the raw material which it furnished the subcontractor at its place of business was manufactured into the various articles which the subcontractor was required under its contract to supply and which it did supply by delivering the same to the building. There was no such privity of contract between the plaintiff and the original contractor as would entitle the former to maintain an action on the latter's bond. The contractor's liability was at an end when it paid the subcontractor for the articles which the latter agreed to furnish and which it did furnish in accordance with its contract.

In a case such as the one before us, the contractor may readily protect himself and his sureties against claims for material actually furnished to the building

by third persons under a subcontractor's contract. But where the subcontractor himself furnishes and delivers to the building the articles called for by his contract, as in the Berger case, it would be out of reason to require the contractor to see that the subcontractor had paid for all the raw material purchased by him upon his own credit in the open market, out of which the articles in question were made. Such is not the mechanic's lien law in respect to private buildings, and in cases of public buildings the persons so selling raw material are not in such privity of contract as to be regarded as nominated in the contractor's bond.

It may be further noted that the contract and bond in the Berger case were quite different from those here involved, affording another ground of distinction between the cases; but regardless of this, and for the reasons alone which we have indicated above, the Berger case is not here in point.

The judgment below was clearly right, and should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.