STATE OF MISSOURI EX REL. JAY KINGSLEY, RESPONDENT, v. THE CARTERVILLE CONSTRUCTION COMPANY AND SOUTHERN SURETY COMPANY, APPELLANTS.*

In the Springfield Court of Appeals. Opinion filed May 27, 1926.

**1.—Highways—Contractor's Bond—Subcontractor—Labor—Employee of Subcontractor May Recover for Labor on Bond of Contractor.** Employee of subcontractor of original road construction contractor may recover on bond of original contractor, given under section 1040, R. S. 1919, for labor performed in construction of road, where original contractor paid subcontractor who failed to pay employee.

**2.—Same—Same—Same—"Labor"—Employee of Subcontractor Cannot Recover on Bond of Contractor for Use of Tractor.** Use of tractor engine in pulling grader in construction of road is not covered by term "labor" in

Laws 1925, p. 127, repealing and re-enacting section 1040, Revised Statutes 1919, providing that contractor's bond shall be conditioned to pay for material, oil, and gasoline used in construction of road, and for all labor performed in such work, and hence no recovery can be had on bond by employee of subcontractor for use of tractor.

*Corpus Juris-Cyc. References: Highways, 29CJ, p. 612, n. 49, 65.

Appeal from the Circuit Court of Lawrence County.—Hon. Charles L. Henson, Judge.

AFFIRMED (*on condition*).

*A. M. Baird* and *Owen & Davis* for appellants.

(1) Plaintiff cannot, under the terms of the bond sued on, recover for the use of the traction engine, and defendant's declaration of law numbered 3 should have been given. The liability of defendant Surety Company is measured by the terms of the bond sued on, and it cannot be held liable for any thing that is not within the express terms of the bond. Its liability cannot be extended by implication beyond these limits, or to subjects other than those expressly stated in the bond. Kansas City v. Youmans, 213 Mo. 166. The bond here in question provides that the principal shall "pay all lawful claims for materials used and labor performed," etc. "Labor performed" means, of course, manual labor and not mechanical labor of machines and appliances. A "laborer" has been defined to be one who labors with his physical powers and under direction of another at a fixed wage. Kansas City v. McDonald, 80 Mo. App. 444; Rogers v. Railroad, 27 L. R. A. 528; Missouri State Highway Commission v. Coopers, etc., 268 S. W. 702. The claim of an architect for preparing plans and specifications for a building is not labor performed within the meaning of our Mechanic's Lien Statute. 6 Mo. App. 445. The claim of an agent employed to disburse money and pay men employed in the building of a house is not a laborer within the meaning of the Mechanic Lien Statute of this State. Edgar v. Salsbury, 17 Mo. 271. The hire of tools, machinery and appliance used in the construction of buildings are not lienable under Mechanic Lien Statutes. 27 Cyc. 46; McSuliff v. Jorgenson, 82 N. W. 706. The hire of an ox team is not lienable under mechanic lien statute. 58 N. W. 407. Sureties on bonds of contractors, under section 20 of article 9 of the Charter of Kansas City, are not liable for the hire of "teams and wagons" used in the construction of public works. Kansas City v. Youmans, 213 Mo. 158, 159. A lien for the price of lubricating oil furnished for use on machinery in a mill is not given by a statute giving a lien for materials furnished for the protection of any building or machinery

which becomes a part of the freehold. Standard Oil Co. v. Lane, 7 L. R. A. 191. It was contended, in Kansas City ex rel. v. Youmans, 213 Mo. 151, that ropes, picks, pick handles, chains, buckets, spades, track spikes, etc., which had been worn out and consumed in the construction of the sewer there in question, were within the terms of the contractor's bond, which required that he pay for all "materials" used in the construction of the sewer in question, but this contention was not upheld—the court held that the terms of the bond could not be so enlarged by construction as to include said items, even against a surety for hire. The bond sued on is not one prepared by defendant, to be construed liberally and strongly against defendant under the rule governing the construction of contracts prepared by surety and insurance companies, for hire, but is one prepared by the Missouri State Highway Commission under and in accordance with a statute of this state, and is to be construed the same if defendant was a gratuitous surety or guarantor. Kansas City ex rel. v. Youmans, 213 Mo. 151, 166, 167; State ex rel. v. Ellison, 269 Mo. 410, 420; School Dist. No. 18 v. McClure, 224 S. W. 831; State ex rel. v. Trimble, 297 Mo. 659; State ex rel. v. Allen, etc., 305 Mo. 607; Gimbel Bros. v. Mitchell, 203 Mo. App. 620; Stearns on Suretyship, sec. 233, pages 404, 405, 402, 411; Lonergan v. San Antonio, etc., 22 L. R. A. (N. S.) 364, 372, col. 1. (2) The judgment is, at least, excessive to the extent of the value of the use of the traction engine described in the evidence, and the cause should either be reversed, or a *remittitur* ordered. (3) The petition does not state facts sufficient to constitute a cause of action, and defendant's demurrer thereto should have been sustained. (4) The plaintiff has not the legal capacity to sue and maintain this action, and the cause should be reversed on account thereof.

*Robert Stemmons* and *William B. Skinner*, for respondents.

The bond, in this case, is a statutory bond, and should be construed in the light of said statute. Section 1040, R. S. 1919. The respondent was authorized, by statute, to institute this action. Section 1041, R. S. 1919. Payment of the contract price in full to the sub-contractor by The Carterville Construction Company, is no defense to this action. Kansas City v. Youmans, 213 Mo. 151; City of St. Louis to the use of Contracting and Supply Company v. Hill-Omeara Construction Company, 175 Mo. App. 555, and cases therein cited; Geller Ward & Hasner Hardware Co. v. Trust Company of St. Louis, 234 S. W. 1019. Appellant was entitled to recover for his personal labor, and for the use of his engine, and for the fuel. 216 S. W. 1034.

BRADLEY, J.—This is a suit by an employee of a subcontractor on the bond of an original road construction contractor. The cause was tried before the court without a jury. Plaintiff recovered and defendants appealed.

We shall refer to relator Kingsley as plaintiff. Defendant Carterville Construction Company in 1923 contracted with the state highway department to do certain work on state highway No. 14 in Lawrence county, and said construction company gave bond as required by section 1040, Revised Statutes 1919. The construction company sublet to a firm styled Williams & Ward, and this firm employed plaintiff to work upon the road. Plaintiff put in 220 hours pulling a grader with his traction engine and was to receive the agreed compensation of $2 per hour for this service. The construction company paid Williams & Ward, but this firm did not pay plaintiff, and this suit upon the bond followed.

Defendants filed separate answers to the effect that plaintiff's relations were with the subcontractor and that said subcontractor had been paid in full and that, therefore, plaintiff had no recourse on the bond. The further defense was made that neither the statute nor the bond covers the hire of the traction engine.

The bond follows the statute and one of the conditions is that the principal "shall pay all lawful claims for materials or labor performed in the construction of said highway."

At the close of the case defendants asked declarations to the effect (1) that under the law and the evidence plaintiff could not recover; and (2) that in no event could plaintiff recover for the use of his traction engine. Both of these declarations were refused.

Defendants rely upon Berger Manufacturing Company v. Lloyd, 209 Mo. 681, 108 S. W. 52, and plaintiff relies upon Kansas City to use, etc. v. Youmans, 213 Mo. 151, 112 S. W. 225 and St. Louis to use, etc. v. Hill-O'Meara Construction Company, 175 Mo. App. 555, 158 S. W. 98. In the Lloyd case it appears that Lloyd entered into a contract for the erection of a school house and gave bond. The Querheim Sheet Metal Works Company contracted with Lloyd to furnish the metal work called for in Lloyd's contract with the board of education. The metal works company purchased from the Berger Manufacturing Company the metal that went into the building. Lloyd paid the metal works company, but that company did not pay the Berger Manufacturing Company and that Company brought suit on Lloyd's bond on the theory that it was a materialman within the perview of Lloyd's contract and bond. It was held that plaintiff could not recover. In making disposition of Lloyd's case the Supreme Court used this language: "If Lloyd is liable under the bond to plaintiff for the material it sold to the metal company, then under the same process of reasoning he would also be liable to the jobber

or manufacturer who sold the materials to the plaintiff and so on *ad infinitum,* and he and his securities would never reach the end of their liability.''

St. Louis to use of Contracting & Supply Company v. Hill-O'Meara Construction Company, 175 Mo. App. 555, 158 S. W. 98, above referred to, on the facts is somewhat similar to the cause at bar. In that case it appears that the Hill-O'Meara Construction Company entered into a contract with the city of St. Louis for the construction of certain additions to the insane asylum of said city. The contract contained the bond, a condition of which was that the construction company would faithfully perform the contract and pay to the proper parties all amounts due for material and labor. The Hill-O'Meara Construction Company sublet to Smith & Watson Company the plastering provided for in the contract. The opinion recites that after the subletting of the plastering portion of the contract the Contracting & Supply Company, the relator, in reliance upon the contract of Smith & Watson Company with the Hill-O'Meara Construction Company and the contract of the Hill-O'Meara Company with the city and also the bond, furnished certain material which went into the building. Smith & Watson Company, the subcontractor, did not pay relator for the material furnished, and relator sought recovery on the original contractor's bond.

Defendant in the Hill-O'Meara case also relied upon the Lloyd case. Judge ALLEN the author of the opinion in the Hill-O'Meara case distinguished his case from the Lloyd case as follows:

''Appellants rely solely upon the decision of the Supreme Court in Berger Manufacturing Co. v. Lloyd, 209 Mo. 681, 108 S. W. 52. The facts of that case do not fully appear in the opinion of the Supreme Court just referred to, but may be ascertained by reference to the statement of facts therein by GOODE, J., when the cause was in this court (113 Mo. App. l. c. 208, 91 S. W. 468), from which it will appear that there the plaintiff did not furnish anything to the building in question, but sold the subcontractor raw material (galvanized iron and solder) by the pound, which was delivered at the subcontractor's place of business and which the latter used in manufacturing the guttering, spouting, hot air pipes, etc., to be furnished by it under its contract with the contractor. The subcontractor actually furnished and delivered to the building the manufactured articles called for by the contract for the erection of the building. It does not appear that the plaintiff sold the raw material to the subcontractor in reliance upon the contractor's bond or with any reference to the particular building into which it might ultimately enter but evidently in the ordinary course of business and upon the subcontractor's general credit.

In the light of these facts, it is at once apparent that the Berger case does not sustain appellant's position. There, had the building been privately owned, the Mechanics' Lien Law would have afforded no protection to the plaintiff who thus sold raw material to a subcontractor. The plaintiff delivered nothing to the building; the raw material which it furnished the subcontractor at its place of business was manufactured into the various articles which the subcontractor was required under its contract to supply and which it did supply by delivering the same to the building.''

Learned counsel for plaintiff in the cause at bar in their brief illustrate the holding in the Lloyd case thus:

''A contracts with B to erect a dwelling house, and B executes a bond, as is customary, that the house shall be erected within a stipulated time, according to the specifications in said contract, and further conditioned that B will pay all claims for labor and material in the construction of said house B subcontracts to C, who is engaged in the lumber business and furnishes the lumber to build said house, and A pays B in full, and in turn B pays C in full. Can it be said that the mill man who sold lumber to C in the lumber business on C's general credit, can maintain an action on the bond? Certainly not because if such result could occur the lumber jack who cut down the trees would have the same remedy. This, in effect, is the decision of the Supreme Court and the St. Louis Court of Appeals in the Berger-Lloyd case.''

We think that the illustration well presents the holding in the Lloyd case. If that case is to be construed as contended for by defendants at bar then indeed would the statute and bond given in persuance thereof be dead letters and meaningless things so far as concerned those who performed labor for, or furnished material to, the subcontractor, and who would, but for the public character of the construction, have recourse to the Mechanic's Lien Law if they desired to invoke it.

We do not deem it necessary to attempt an analysis of the case of Kansas City to use, etc., v. Youmans. We approve the distinction made by the St. Louis Court of Appeals of the Lloyd case. Learned counsel for defendants refer in their brief to the case of Missouri State Highway Commission to use of Onstead v. Coopers Construction Service Company et al., 268 S. W. 701, by this court as an authority supporting their contention here made. In that case the subcontractor had been paid in full, and the suit was by the subcontractor's foreman on the bond of the original contractor. It appeared in that case that the relator was in fact the subcontractor's *alter ego* and that the services he performed, except incidentally, were purchasing material, hiring and discharging laborers and directing the course of the performance of the contract for the subcontractor. We held in that

case that relator could not recover, but we do not think that the cause at bar and the Onstad case are in principle similar.

It is our conclusion that defendants' declaration in the nature of a general demurrer was properly refused.

Can plaintiff recover for the use of his traction engine? The statute, section 1040, Revised Statutes 1919, referred to, supra, requires that the bond "shall be conditioned for the payment of material used in such work and for all labor performed in such work whether by subcontractor or otherwise." The bond in the cause at bar was so conditioned. It has been ruled that a mechanic's lien will not be allowed for the use of tools, machinery or appliances furnished, lent or hired for the purpose of facilitating the work. [27 Cyc. 46.] As supporting the ruling mentioned the text in the note cites Basshor et al. v. Railroad, 3 Atl. (Md.) 285; Evans v. Lower, 58 Atl. (N. J. L.) 294; Allen v. Elwert, 44 Pac. (Oreg.) 823, 48 Pac. 54; McAuliffe v. Jorgenson, 82 N. W. (Wis.) 706. In the last-cited case it was ruled that the use of a well-boring machine hired by its owner to a contractor was not within the statute giving a lien for "work and labor" performed in constructing a well.

Plaintiff has no cause of action except by the statute. The Legislature in 1925 repealed section 1040 and enacted a new section. [Laws 1925, p. 127.] The new section requires that the bond "shall be conditioned for the payment of material, lubricants, oil and gasoline used in or consumed in the construction of such work and for all labor performed in such work, whether by subcontractor or otherwise." Lubricants, oil and gasoline were added in the new section. If the law should include the hire of machinery used upon the work mentioned in the statute such should be provided by the Legislature and not stretched in by the courts under the guise of construction. Counsel cite us to no authority to sustain their contention that the use of the traction engine is covered by the term *labor* as used in the statute and in the bond, and we are not able to find such authority. We rule that defendants' demurrer leveled at the question of recovery for the use of the traction engine should have been granted.

It appears that plaintiff's services for driving the traction engine were worth fifty cents per hour. It is conceded that such services was labor within the statute and the bond. Plaintiff put in 220 hours for which he is entitled to recover $110. If plaintiff will within 10 days from the filing of this opinion file here a *remittitur* of $330 the judgment for $110 will be affirmed, otherwise the judgment will be reversed and the cause remanded. *Cox, P. J.,* and *Bailey, J.,* concur.