THE STATE at Relation and to Use of FRANK WINEBRENNER v. DETROIT FIDELITY & SURETY COMPANY, Appellant.—32 S. W. (2d) 572.

Division One, November 18, 1930.

*Dumm & Cook* for appellant.

*Embry & Embry* for respondent.

ATWOOD, J.—This case has been transferred by the Kansas City Court of Appeals of its own motion to this court under the provisions of Section 6, Amendment of 1884, Article VI, Constitution of Missouri, its decision therein (300 S. W. 833) being deemed in conflict with a prior decision of the Springfield Court of Appeals in the case of State of Missouri ex rel. Jay Kingsley v. Carterville Construction Company and Southern Surety Company, 220 Mo.

App. 244, 284 S. W. 150. In the language of the constitutional provision above cited we "must rehear and determine said cause or proceeding, as in case of jurisdiction obtained by ordinary appellate process."

Appellant succinctly states the case as follows:

"Cole Jobe entered into a contract with the State Highway Commission of Missouri for the construction of certain road work in Moniteau County, Missouri. Jobe, the contractor, thereupon entered into a bond to the State of Missouri, in the sum of $42,204.12, with this defendant as surety, conditioned for payment of materials, labor, oil and gasoline used in or consumed in the construction of said work, and for all labor performed in such work, whether by subcontractor or otherwise.

"Pursuant to said contract, the contractor, Cole Jobe, hired plaintiff, Frank Weinbrenner, and a team of horses, at and for the total price of forty-five cents per hour. The plaintiff and his team earned by said employment the sum of $118.10. Thereafter, the contractor, Cole Jobe, neglected or refused payment of the entire amount due plaintiff by reason of said employment of himself and team, and this suit was instituted against the surety on the bond to recover the amount due plaintiff for his own labor and for team hire.

"Defendant filed its motion to make plaintiff's petition more definite, and certain, in which motion it was asked that plaintiff set out the amount due him for his labor and the amount due plaintiff for team hire. The plaintiff contends that the hiring of himself and his team was as a unit, and inseparable, and that in truth he can not set out how much is due him for his labor and the amount due him for team hire. Thereupon, the court overruled the motion to make more definite and certain, and the defendant thereafter demurred to the petition, for the reasons set out in the motion to make more definite and certain, based on the theory that the defendant surety company is not liable under the conditions of the bond for team hire. The demurrer was overruled, and the defendant refused to plead further. Thereupon, the court rendered judgment for the plaintiff in the sum prayed for in his petition. The defendant appeals to this court to determine whether or not the surety on a contractor's bond, based on Section 1040, Laws 1925, page 127, is liable for team hire."

Above-mentioned Section 1040, Revised Statutes 1919 (as amended, Laws 1925, p. 127), is as follows:

"It is hereby made the duty of all officials, boards, commissions, commissioners, or agents of the state, or of any county, city, town, township, school, or road district in this State, in making contracts for public work of any kind to be performed for the state, county, town, township, school or road district to require every contractor

for such work, to execute a bond to the state, county, city, town, township, school, or road district, as the case may be, with good and sufficient sureties, and in an amount to be fixed by said officials, boards, commissions, commissioners or agents, and such bond, among other conditions shall be conditioned for the payment of materials, lubricants, oil and gasoline used in or consumed in the construction of such work and for all labor performed in such work, whether by sub-contractor or otherwise.''

Plaintiff's petition recited that a copy of defendant's bond ''certified by the Secretary of the State Highway Commission of Missouri is hereto attached and herewith filed and marked 'Ex. A,' said State Highway Commission of Missouri being in charge of said bond.'' This exhibit does not appear in the record here. The record does show that counsel stipulated in open court that the contract between Cole Jobe and the Missouri State Highway Commission mentioned in the petition was entered into, that the bond sued on was entered into, that the services set forth in the petition were rendered, that the charges therefor were the customary and reasonable charges for such service, that demand was made for payment and refused, all as alleged in the petition. The petition states, and counsel for appellant in the foregoing statement concedes, that the condition of the bond substantially followed the terms of the statute. This being a statutory bond it will be construed as though the provisions of the statute were written into it. [Fogarty v. Davis, 305 Mo. 288, 293, 264 S. W. 879.]

The only point presented in appellant's original brief is:

''An employee of a road contractor cannot recover from the surety on the contractor's bond for use of teams in construction of highways.''

The only authorities cited in support of this proposition are Laws 1925, page 127, section 1040, supra, and State ex rel. Kingsley v. Carterville Construction Company et al., 220 Mo. App. 244, 284 S. W. 150, by reason of which decision the instant case has been certified to this court. In supplemental statement, brief and argument counsel for appellant presents additional citations as follows: Kansas City to use of Kansas City Hydraulic Press Brick Company et al. v. Youmans et al., 213 Mo. 151, 180, 112 S. W. 225; Wiss v. Royal Indemnity Co., 219 Mo. App. 568, 282 S. W. 164; State ex rel. Hernleben v. Detroit Fidelity & Surety Co., and State ex rel. Gratz v. Detroit Fidelity & Surety Co. (K. C. Ct. Apps.), 21 S. W. (2d) 494.

The Hernleben and Gratz cases were decided by the Kansas City Court of Appeals after the instant case was certified here, and counsel for appellant says that the court in those cases has reversed its ruling in this case. We do not think so. The controverted items in the Hernleben and Gratz cases were automobile truck parts and

labor for repairs upon trucks used by the contractor as a part of his plant in the performance of his road contract. The contention there made and ruled was that these items fell within the term "materials used in the construction" of the highway. It was not claimed that they fell within the classification of "labor performed in such work." The most that could be said was that plaintiffs performed some labor upon machinery included in the contractor's plant and by him used in the performance of his contract. The contention in the instant case is that the earnings of plaintiff and his team fall within the term "labor performed in such work, whether by subcontractor or otherwise." The distinction is important because of the marked difference in scope and meaning of the terms construed. The Wiss case, supra, followed our decision in the Youmans case, supra, which, upon the ruling here cited as authority, was presented on the theory that the contested items were materials used or consumed, and not labor performed, in the work. These decisions are, therefore, not controlling in the case now under consideration.

Turning to the case first cited by appellant, State ex rel. Kingsley v. Carterville Construction Co. et al., supra, we find that it was a suit by an employee of a subcontractor on the bond of an original road construction contractor. The bond was given as required by Section 1040, Revised Statutes 1919. The opinion states: "The construction company sublet to a firm styled Williams & Ward, and this firm employed plaintiff to work on the road. Plaintiff put in 220 hours pulling a grader with his traction engine and was to receive the agreed compensation of $2 per hour for this service. The construction company paid Williams & Ward, but this firm did not pay plaintiff, and this suit upon the bond followed." In support of its ruling that plaintiff was entitled to recover only the value of his services in driving the traction engine, the court cites 27 Cyc. 46; Basshor et al. v. Railroad, 3 Atl. (Md.) 285; Evans v. Lower, 58 Atl. (N. J. L.) 294; Allen v. Elwert, 44 Pac. (Ore.) 823; and McAuliffe v. Jorgenson, 82 N. W. (Wis.) 706. The Cyc. citation is found in a paragraph entitled, "Materials used but not Incorporated in Building or Improvement." In the Basshor case plaintiffs contended that they were entitled to a mechanic's lien for the purchase price of certain machinery sold by them to defendant's contractor for the purpose of crushing stone for the manufacture of artificial stone to be used in the construction of bridges for defendant. In the Evans case it was simply held that a bill for tools furnished the contractor for use on the building was not a lienable claim. In the Allen case the account stated contained various items for days' work done by different individuals at a certain compensation per day, and, in addition thereto, a separate charge for the use of the

tools and appliances. In holding that the latter charge was not covered by the Mechanic's Lien Law the court said (l. c. 826):

"If the lien had been claimed for the reasonable value of the services of the claimants in moving, raising, and lowering the building, the value of the use of their plant could perhaps have been included in, and held to be a part of the compensation for, the work and labor performed; but no such case is presented by this record."

In the McAuliffe case defendant Grant Marble Company employed defendant Jorgenson to drill a well on its property. The latter through defendant Egelhoff, secured of plaintiff the right to use a steam well-boring machine held by plaintiff as assignee, and plaintiff sued to enforce a mechanic's lien upon the marble company's property for the use of said machine for thirty-two days. In holding that this was not a lienable claim the court said:

"Plaintiff's right to a lien is based upon the fact that he hired his well-boring machine to Jorgenson, who had the contract to bore the well. Laws giving liens to mechanics are equitable in their character, and are to be liberally construed to advance their objects; yet they are purely statutory, and cannot be extended by construction to cases not fairly and reasonably within their purview. It will be observed that the statute speaks of 'work and labor' performed or 'materials' furnished. Under no permissible theory can it be said the plaintiff has furnished any 'materials' that entered into or became a component part of the well. Whatever right he has, if any, arises from the use of his machine. When he hired it to Jorgenson, to all intents and purposes it became the latter's machine, the same as if he had purchased it outright. The plaintiff did no manual labor, either by himself or his servants, towards the construction of the well. The machine was used by Jorgenson as though it was his own. For its use in connection with his own labors he would have been entitled to a lien; not for the use of the machine alone, but because with his labors in the use and operation of the machine the well was drilled."

It will be observed that in the foregoing cases no effort was made to impress a lien on account of labor performed by the claimants, and the two cases last cited expressly distinguish the value or hire of machinery and appliances employed by the contractor separate and apart from the labor of the owner or person controlling the same from the earnings of such person performing labor in the use of his own equipment, holding that in the latter instance the value of the combined work of such person and his equipment would be lienable. The Oregon mechanic's lien statute referred to persons "performing labor," and the Wisconsin statute to "every person who, as sub-contractor of a principal contractor or as an employee of either, performs any work or labor," etc.

Also, in Ellis-Mylroie Lumber Co. v. Bratt, 119 Wash. 142, 150, cited in footnote 71, sec. 57, p. 79, 40 C. J., it was held on abundant authority that one furnishing the contractor with a sanding machine and a man to operate it at an agreed price of $2.50 an hour for the man and the machine was entitled to a lien for the entire earnings, on the theory that it was the intention of the lawmakers to provide a lien for every person supplying materials going directly into a structure or performing labor directly thereon, and that the operation of this machine by the man furnished by the owner of the machine was labor which went into the structure within the meaning of the statute. In Mabie v. Sines, 92 Mich. 545, it was held that, under an act providing lien in favor of persons "who perform any labor or services in manufacturing lumber or shingles," one was entitled to a lien for the earnings of himself and his team in hauling logs, this on the theory that "the use of the team, like the use of a cant-hook, log-chain, or other appliances, is often necessary to enable the logger to perform the service or labor," citing Martin v. Wakefield, 42 Minn. 176, 43 N. W. 966; Hogan v. Cushing, 49 Wis. 169, 5 N. W. 490; and Hale v. Brown, 59 N. H. 551. In Chicago & Northeastern Railroad Co. v. Sturgis, 44 Mich. 538, it was held that labor done by a man's team may be fairly regarded as labor done by him within the mechanic's lien statute, no right arising to any one else out of its service. In Watson v. Watson Mfg. Co., 30 N. J. Eq. 588, it was held that a drayman was entitled to the protection afforded by the following section:

"In case of the insolvency of any corporation, the laborers in the employ thereof shall have a lien upon the assets thereof for the amount of wages due to them respectively, which shall be paid prior to any other debt or debts of said company; and the word 'laborers' shall be construed to include all persons doing labor or service of whatever character, for, or as workmen or employees in the regular employ of such corporations."

In so ruling the court said (30 N. J. Eq. 1. c. 590): "The petitioner's horses and drays were the tools or instruments of his employment or business. A carpenter, blacksmith or other mechanic, whose work can only be done with tools, may be regularly employed by a corporation to work for it with his own tools. In such a case I think there can be no doubt that his wages, though largely earned by the use of tools, would be preferred."

The above cases are illustrative of the great weight of authority to the effect that lien statutes in terms similar to the statute here under consideration extend their protection to the reasonable value of labor performed in the work by persons combining their own labor with their own equipment. There are cases holding to the contrary under statutes construed as limiting their protection to "laborers"

in the strict acceptation of that term. Such were the rulings in Mann v. Burt, 35 Kan. 10, 13; Groves v. Railroad Co., 57 Mo. 304; and Balch v. Railroad Co., 46 N. Y. 521, where the courts held that the protection clearly intended for mere "laborers" did not extend to contractors or subcontractors. See also, Farmer v. St. Croix Power Co., 117 Wis. 76, 88, 89, and cases cited. Such decisions, however, have no application to the statute here under consideration because it expressly extends protection to "all labor performed in such work, whether by sub-contractor or otherwise." Such a statute, like mechanic's lien statutes, should be liberally construed to carry out its purpose. [DeWitt v. Smith, 63 Mo. 263; Hicks v. Scofield, 121 Mo. 381, 25 S. W. 755; Lumber Co. v. Clark, 172 Mo. 588, 73 S. W. 137; Bank v. North Platte Valley Irr. Co. et al., 219 Fed. 438; and Illinois Surety Co. v. John Davis Co., 244 U. S. 376.] The law is also well settled that in construing the contract of a surety for hire the rule that sureties are favorites of the law does not apply, and if there is any ambiguity in the contract it will be construed most strongly against the surety. [Missouri, Kansas & Texas Ry. Co. v. American Surety Co., 291 Mo. 92, 236 S. W. 657; Union State Bank v. American Surety Co. (Mo. Sup.), 23 S. W. (2d) 1038, 1044; and State to use v. Cochrane, 264 Mo. 581, 175 S. W. 599.]

The judgment of the trial court is affirmed. All concur.