**Lawrence MAURER, Plaintiff–Appellant,**

v.

**Michael E. WERNER, Defendant–Respondent.**

**No. 53405.**

Missouri Court of Appeals, Eastern District, Division One.

March 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1988.

Application to Transfer Denied May 17, 1988.

Anthony S. Bruning, St. Louis, for plaintiff-appellant.

David R. Bohm, Asst. City Counselor, St. Louis, for defendant-respondent.

REINHARD, Judge.

Plaintiff appeals from an order of the court dismissing his case based upon an oral motion of defendant during trial. This is the second attempt to appeal this case. *See Maurer v. Clark*, 727 S.W.2d 210 (Mo. App.1987). We reverse and remand.

Plaintiff, a subcontractor, supplied labor and equipment to a contractor for work under a contract with the City of St. Louis to demolish condemned buildings. He was unable to collect the amount due him from the contractor, despite obtaining a judgment against the contractor. Plaintiff then filed this suit against defendant, the former Building Commissioner, alleging that he had obtained a judgment against the demolition contractor, but the contractor had not paid him for equipment and labor provided, and that defendant had failed to require the contractor to post a bond pursuant to § 107.170, RSMo 1986; therefore, defendant was personally responsible for his loss.

After the trial began, defendant made an oral motion to dismiss because the demolition of property condemned by the city for safety reasons was not "public works" within the provision of § 107.170. The parties stipulated the "condemnation in this context is the condemnation of a dangerous and derelict building as unsafe rather than as a condemnation to take ownership or title to property ... that [defendant] in his capacity as Building Commissioner for the City of St. Louis back in 1976 contracted with Charles Mason Wrecking Company [the contractor] to demolish all of the condemned buildings." Plaintiff testified he was unable to collect the judgment against the contractor because the contractor filed for bankruptcy. The court then sustained defendant's motion.[1]

On appeal both parties agree the sole question for review is whether the term "public work of any kind" as used in § 107.170 includes demolition work on condemned property.

Section 107.170 provides:

1. It is hereby made the duty of all officials, boards, commissions, commissioners, or agents ... of any ... city ... in this state, in making contracts for public works of any kind to be performed for ... such ... city, ... to require every contractor for such work to furnish to the ... city ... a bond with good and sufficient sureties, in an amount fixed by said officials, boards, commissions, commissioners, or agents[,] and such bond, among other conditions, shall be conditioned for the payment of any and all materials, lubricants, oil, gasoline, grain, hay, feed, coal and coke, repairs on machinery, groceries and foodstuffs, equipment and tools, consumed or used in connection with the construction of such work, and all insurance premiums, both for compensation, and for all other

---

1. When matters outside the pleadings are presented to and not excluded by the trial court on a motion to dismiss, it is to be treated as a motion for summary judgment. Rule 55.27(b); *Black Leaf Products Co. v. Chemsico, Inc.*, 678 S.W.2d 827, 829 (Mo.App.1984). We treat defendant's motion as one for summary judgment. We review the record in the light most favorable to the party against whom summary judgment was rendered, and resolve all doubts in favor of that party. Summary judgment is proper only when the court determines from the record that there are no genuine issues of material fact and that movant is entitled to judgment as a matter of law. *Eugene Alper Construction Co. v. Joe Garavelli's of West Port, Inc.*, 655 S.W.2d 132, 135 (Mo.App.1983).

kinds of insurance, on said work, and for all labor performed in such work whether by subcontractor or otherwise.

A literal reading of the statute would lead us to conclude this contract involved "public works of any kind." However, defendant argues the definition of "public works" is not broad enough to encompass the demolition work in this case. In support of this contention, he directs our attention to § 290.210(7), which defines "public works" under the Prevailing Wages on Public Works Act: " 'Public works' means all fixed works constructed for public use or benefit or paid for wholly or in part out of public funds." Defendant also relies on the definition in Black's Law Dictionary:

> Public works. Works, whether of construction or adaptation, undertaken and carried out by the national, state, or municipal authorities, and designed to subserve some purpose of public necessity, use, or convenience; such as public buildings, roads, aqueducts, parks, etc. All fixed works constructed for public use. The term usually relates to the construction of public improvements and not to their maintenance or operation.

Further, he cites cases which apply essentially this definition. *See, e.g., Wallace Stevens, Inc. v. LaFourche Parish Hospital District No. 3,* 323 So.2d 794, 796 (La. 1975); *Employers' Casualty Co. v. Stewart Abstract Co.,* 17 S.W.2d 781, 782 (Tex. App.1929).

As defendant's research shows, many courts have interpreted "public works" in various statutes and ordinances in accord with the dictionary definition. *See* Annot. 48 A.L.R. 4th 1170 (1986). However, other courts have interpreted "public works" more broadly. *See Universal Electric Construction Co. v. Robbins,* 239 Ala. 105, 194 So. 194 (1940) (electrical services installations); *McKay Construction Co. v. Ada County Board of County Com'rs,* 99 Idaho 235, 580 P.2d 412 (1978) (sanitary landfill). We are unable to find, however, a Missouri case interpreting "public works of any kind" under § 107.170 nor a case involving demolition of condemned buildings

pursuant to a contract with a public body under the statute.

Missouri courts have interpreted "public works" in city charter and ordinance provisions to include raising streets over railroad tracks with bridges, *American Tobacco Co. v. Missouri Pac. Ry. Co.,* 247 Mo. 374, 157 S.W. 502, 552–55 (Mo.1912), and sewers and grading, curbing, guttering, and macadamizing of streets, *Seibert v. Cavender,* 3 Mo.App. 421 (1877). These projects fit the interpretation of "public works" defendant would have us adopt.

In *State v. Butler,* 178 Mo. 272, 77 S.W. 560, 569 (Mo.1903), the supreme court interpreted an ordinance of the City of St. Louis and found that a contract by the city for the removal and disposal of garbage fell within the term "public work" in the ordinance. This interpretation of "public work" is broader than that asserted by defendant because the removal and disposal of garbage is not construction of an improvement or a fixed work.

Additionally, § 107.170 specifically states *"public works of any kind"* while the Prevailing Wages on Public Works Act and the other authorities cited by defendant use only "public works." We have found only one case interpreting language similar to that in § 107.170. The Supreme Court of Montana held that "public works of all kinds" in a public contract bidding statute covers maintenance and janitorial services. *State ex rel. Great Falls Mr. Klean v. Montana State Board of Examiners,* 153 Mont. 220, 456 P.2d 278, 281 (1969). The court stated, "[t]hat this would cover maintenance and janitorial services needs no justification. The language is clear." *Id.* Both *Butler* and *State ex rel. Great Falls Mr. Klean* support a broad interpretation of "public works of any kind" that would permit demolition of condemned buildings to be covered by § 107.170.

Examining § 107.170, we note its purpose is to protect those providing labor and materials to public works contractors in lieu of mechanics' liens, which are inapplicable to public property. *State ex rel. Francesconi v. Aetna Casualty & Surety Co.,* 350 S.W.2d 418, 419 (Mo.App.1961);

*Evens & Howard Fire Brick Co. v. Gammon,* 204 S.W. 832, 833 (Mo.App.1918). The statute should be liberally construed to carry out its purpose. *State ex rel. Winebrenner v. Detroit Fidelity & Surety Co.,* 326 Mo. 684, 32 S.W.2d 572 (1930).

We conclude the legislature intended to cover contracts for "public works of any kind" and § 107.170 applies to demolition work on buildings condemned by a governmental body. The trial court erred as a matter of law in dismissing the case on that basis; therefore, the case is reversed and remanded for trial.

Defendant also contends the court should have dismissed plaintiff's petition because it is barred by the statute of limitations. The trial court did not reach this issue, and it is not before us now.

Reversed and remanded.

GARY M. GAERTNER, P.J., and CRIST, J., concur.