Dear Mr. Nichols:
This opinion is in response to your question asking:
 Does Section 327.421 require a County Health Board to hire an architect to prepare and approve the architectural drawings and specifications for an addition to its existing building or does Section 327.421 only require the use of a registered architect if an architect is used?
Based on the information you provided, we understand that the Barton County Health Board is constructing a one-story, 22 foot addition to its existing building, and that the proposed addition is of such size that both the county health board and local contractors believe that it is not necessary to hire an architect. The architectural plans for the existing building are approximately 15 years old and did not include specifications for any additions to the original structure. The architectural plans and specifications for the existing building were done by a registered architect.
Section 327.421, RSMo 1986, provides:
 327.421. Political subdivisions not to use unregistered architects, professional engineers or land surveyors. — This state and its political subdivisions including counties, cities and towns, or legally constituted boards, agencies, districts, commissions and authorities of this state shall not engage in the construction of public works involving the practice of architecture, engineering or land surveying, unless the architectural and engineering drawings, specifications and estimates and the plats and surveys have been prepared by a currently registered architect, professional engineer or land surveyor, as the case may require.
The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. Metro AutoAuction v. Director of Revenue, 707 S.W.2d 397, 401 (Mo. banc 1986). In determining the legislative intent, the courts consider the language of the statute and the words employed in their plain and ordinary meaning. State ex rel. D. M. v.Hoester, 681 S.W.2d 449, 450 (Mo. banc 1984).
The county health board falls under the confines of Section327.421 as it is a legally constituted board of the county. Although Chapter 327 does not define the term "public work", Missouri courts have interpreted the term broadly. See Maurerv. Werner, 748 S.W.2d 839, 841 (Mo.App. 1988). The proposed addition qualifies as a public work under Section 290.210(7), RSMo 1986, which defines the term under the Prevailing Wages on Public Works Act as "all fixed works constructed for public use . . . ," as well as Black's Law Dictionary, which employs a similar definition. Furthermore, such construction would involve the practice of architecture as defined in Section327.091, RSMo 1986, to include the preparation of specifications used for any additions or alterations to public buildings. Consequently, Section 327.421 requires specifications for the addition to be prepared by a currently registered architect.
CONCLUSION
It is the opinion of this office that Section 327.421, RSMo 1986, requires a county health board to hire a currently registered architect to prepare specifications used in the construction of an addition to its building.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General